**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

EARL SAMPSON; TOREE M. DANIELS; BRANDON
SPIVEY; ANTHONY LOWERY; FLOYD HALL, JR.;
ROSS PICART; RODERICK DEWAYNE SMITH;
KENNETH CRANE; YVENSONNE MONTALE; OMAR
DEAN; and ALI AMIN SALEH;

                Plaintiffs,                        CASE NO.:

v.

THE CITY OF MIAMI GARDENS; OLIVER G.
GILBERT, III; SHIRLEY GIBSON; DR. DANNY O.
CREW; MATTHEW BOYD; PAUL MILLER;
ANTHONY CHAPMAN; TIMOTHY ADAMS; CARLOS
AUSTIN; WILLIAM BAMFORD; TERRANCE
BARMORE; ALEX BARNEY; ALVIN BERNARD;
JESSIE BROWN; DELROY BURGESS; EDWARD
CASTELLI; RANDY CARPENTER; RYAN CLIFTON;
CARLTON COLEMAN; TOM DAMIANI; WILLIAM
DUNASKE; PETER EHRLICH; JEFFREY ENGERS;
SHAWN EUBANKS; RAUL FERNANDEZ; ERIK
GLEASON; ANDREW GREGOIRE; BRIAN GREGORY;
JAMES HARRIS; DIANA HEDRICK; JEFFREY
HOHENDORF; ANITA HOPSON; MICHAEL HORN;
BUDDY HUNHOLZ; MIGUEL IRIZARRY; WANDA
JACKSON; NICHOLAS JACOBS; RICHARD JESSUP;
SHIRLEY JONES-GRAY; NELLY JOSEPH; ALEX
JUDON; HEATHER KIDDER; STEPHEN
KOLACKOVSKY; DEVIN LUCIUS; MICHAEL
MALONE; CHRISTOPHER MARTINEZ; SHONADEE
MCNEIL; JASON MOORE; ALEXANDER MORTON;
JOSEPH NARGISO;

1

WIREN NORRIS; BARBARA PALMER; HENRY PAYOUTE; ONASSIS PERDOMO; SAUL PEREZ; HUBERT PIERRE; JEREMY PILONE; KEVIN PINKNEY; ARTHUR PRINCE; LAWRENCE RICHARDSON; JAVIER ROMAGUERA; EDWIN ROSADO; JOSE ROSADO; STACEY ROVINELLI; MICHAEL RUIZ; JEAN SAINT-LOUIS; JIMY SANCHEZ; MARTIN SANTIAGO; JOSEPH SCHAEFFER; ANGEL SEARY; ALBERTO SEDA; CHRISTOPHER SHUMAN; TALIBAH SIMMONS; JONATHAN STARK; KEVIN TAMAYO; EDDO TRIMINO; JAINA UCANAN; CARLOS VELEZ; VICTOR VELEZ; SCOTT WHITE; WILLIAM WAGENMANN; EDWARD WAGNER; MICHAEL WAGONER; EUGENE WILLIAMS; RUFUS WILLIAMS; MICHAEL WRIGHT; JOSEPH ZELLNER; and UNKNOWN JOHN DOE OFFICERS;

Defendants.

_____/

2

## <u>Table of Contents</u>

**JURISDICTION AND VENUE** ..................................................................................................... 7

**PARTIES** ..................................................................................................................................... 8

**GENERAL ALLEGATIONS** ...................................................................................................... 20

**EARL SAMPSON** ....................................................................................................................... 24

    Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and
Seizures .......................................................................................................................................... 27

    Claim for Violation of the Equal Protection Clause of the Fourteenth Amendment ............... 28

    Claim for Malicious Prosecution in Violation of the Fourth Amendment................................ 29

    State Law Claim for Civil Battery.............................................................................................. 31

    State Law Claim for False Arrest............................................................................................... 32

    State Law Claim for Intentional Infliction of Emotional Distress ........................................... 34

    State Law Claim for Malicious Prosecution ............................................................................. 35

**TOREE DANIELS** ...................................................................................................................... 36

    Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and
Seizures .......................................................................................................................................... 38

    Claim for Violation of the Equal Protection Clause of the Fourteenth Amendment ............... 40

    Claim for Malicious Prosecution in Violation of the Fourth Amendment................................ 41

    State Law Claim for Civil Battery.............................................................................................. 42

    State Law Claim for False Arrest............................................................................................... 44

    State Law Claim for Intentional Infliction of Emotional Distress ........................................... 45

    State Law Claim for Malicious Prosecution ............................................................................. 46

**BRANDON SPIVEY** .................................................................................................................... 48

    Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and
Seizures .......................................................................................................................................... 49

    Claim for Violation of the Equal Protection Clause of the Fourteenth Amendment ............... 50

    Claim for Malicious Prosecution in Violation of the Fourth Amendment................................ 52

    State Law Claim for Civil Battery.............................................................................................. 53

    State Law Claim for False Arrest............................................................................................... 54

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

State Law Claim for Intentional Infliction of Emotional Distress ........................................... 56

State Law Claim for Malicious Prosecution ......................................................................... 57

**ANTHONY LOWERY** ............................................................................................................. 58

Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and
Seizures ................................................................................................................................ 60

Claim for Violation of the Equal Protection Clause of the Fourteenth Amendment ............... 61

Claim for Malicious Prosecution in Violation of the Fourth Amendment............................... 62

State Law Claim for Civil Battery......................................................................................... 64

State Law Claim for False Arrest .......................................................................................... 65

State Law Claim for Intentional Infliction of Emotional Distress ........................................... 66

State Law Claim for Malicious Prosecution ......................................................................... 68

**FLOYD HALL, JR.** .................................................................................................................. 69

Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and
Seizures ................................................................................................................................ 70

Claim for Violation of the Equal Protection Clause of the Fourteenth Amendment ............... 72

Claim for Malicious Prosecution in Violation of the Fourth Amendment............................... 73

State Law Claim for Civil Battery......................................................................................... 74

State Law Claim for False Arrest .......................................................................................... 76

State Law Claim for Civil Theft............................................................................................ 77

State Law Claim for Intentional Infliction of Emotional Distress ........................................... 78

State Law Claim for Malicious Prosecution ......................................................................... 79

**ROSS PICART** ........................................................................................................................ 81

Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and
Seizures ................................................................................................................................ 82

Claim for Violation of the Equal Protection Clause of the Fourteenth Amendment ............... 84

Claim for Malicious Prosecution in Violation of the Fourth Amendment............................... 85

Claim for Excessive Use of Force in Violation of the Fourth Amendment ............................. 87

Claim for Second Excessive Use of Force in Violation of the Fourteenth Amendment .......... 88

State Law Claim for Civil Battery......................................................................................... 89

4

State Law Claim for False Arrest ............................................................................................... 91

State Law Claim for Intentional Infliction of Emotional Distress ........................................... 92

State Law Claim for Malicious Prosecution ............................................................................. 94

**RODERICK DEWAYNE SMITH** .................................................................................... 95

Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures ..................................................................................................................................... 97

Claim for Violation of the Equal Protection Clause of the Fourteenth Amendment ............... 99

Claim for Malicious Prosecution in Violation of the Fourth Amendment ............................. 101

Claim for Excessive Use of Force in Violation of the Fourth Amendment ........................... 102

State Law Claim for Civil Battery .......................................................................................... 104

State Law Claim for False Arrest ........................................................................................... 106

State Law Claim for Intentional Infliction of Emotional Distress ......................................... 107

State Law Claim for Malicious Prosecution ........................................................................... 108

**KENNETH CRANE** ....................................................................................................... 110

Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures ................................................................................................................................... 111

Claim for Violation of the Equal Protection Clause of the Fourteenth Amendment ............. 112

Claim for Malicious Prosecution in Violation of the Fourth Amendment ............................. 114

State Law Claim for Civil Battery .......................................................................................... 115

State Law Claim for False Arrest ........................................................................................... 116

State Law Claim for Intentional Infliction of Emotional Distress ......................................... 118

State Law Claim for Malicious Prosecution ........................................................................... 119

**YVENSONNE MONTALE** ............................................................................................ 120

Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures ................................................................................................................................... 121

Claim for Violation of the Equal Protection Clause of the Fourteenth Amendment ............. 123

State Law Claim for Civil Battery .......................................................................................... 124

State Law Claim for False Arrest ........................................................................................... 126

State Law Claim for Intentional Infliction of Emotional Distress ......................................... 127

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ ph 954.369.1993 ▪ f 888.315.6291
www.reyeslegal.com

**OMAR DEAN**.................................................................................................................. 129

    Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and
Seizures ............................................................................................................................ 129

    Claim for Violation of the Equal Protection Clause of the Fourteenth Amendment .............. 131

    State Law Claim for Civil Theft................................................................................... 132

    State Law Claim for Civil Battery................................................................................ 133

    State Law Claim for Intentional Infliction of Emotional Distress ......................................... 134

**ALI AMIN SALEH**........................................................................................................... 136

    Claim for Violation of the Fourth Amendment Right against Unreasonable Searches and
Seizures ............................................................................................................................ 137

    State Law Claim for Tortious Interference with a Business Relationship ............................. 139

**MUNICIPAL LIABILITY CLAIM AS TO ALL PLAINTIFFS** ........................................ 140

    Claim against the City of Miami Gardens for Violations of the Fourth Amendment and the
Equal Protection Clause of the  Fourteenth Amendment....................................................... 140

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602  ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

## COMPLAINT FOR DAMAGES

Plaintiffs, EARL SAMPSON, TOREE M. DANIELS, BRANDON SPIVEY, ANTHONY LOWERY, FLOYD HALL, JR., ROSS PICART, RODERICK DEWAYNE SMITH, KENNETH CRANE, YVENSONNE MONTALE, OMAR DEAN, and ALI AMIN SALEH, by and through undersigned counsels, sue the above-named Defendants and allege, upon facts, information, and belief, the following:

## JURISDICTION AND VENUE

1.      This action is brought under 42 U.S.C. §§ 1983, 1985, and 1986, and 1988. Jurisdiction is founded upon 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343 (a)(3) and (4), as this action seeks redress for the violation of Plaintiffs' Constitutional and Civil Rights.

2.      Pendent and supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a) for this Court to decide claims that may arise under state law.

3.      Venue is properly brought in the Southern District of Florida under 28 U.S.C. § 1391(b) and (c) because it is the district in which all of the events or omissions establishing the Plaintiffs' claims occurred.

4.      Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

5.      This Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988 and 28 U.S.C. § 1920.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

6.      Plaintiffs filed a Notice of Claim with the Defendant, City of Miami Gardens, under the Tort Claims Act of Florida.  Over six months have elapsed since filing the Notice of Claim, which has not been compromised or settled by Defendants.  *A copy of said Notice is attached hereto and marked as Exhibit "A".*

<u>**PARTIES**</u>

7.      Plaintiff, EARL SAMPSON ("Mr. SAMPSON"), is a black male who, at all times material hereto, was a resident of Miami Gardens, Florida.

8.      Plaintiff, TOREE M. DANIELS ("Ms. DANIELS"), is a black female who, at all times material hereto, was a resident of Miami Gardens, Florida.

9.      Plaintiff, OMAR DEAN ("Mr. DEAN"), is a black male who, at all times material hereto, was a resident of Miami Gardens, Florida.

10.      Plaintiff, FLOYD HALL JR. ("Mr. HALL, JR."), is a black male who, at all times material hereto, was a resident of Miami Gardens, Florida.

11.      Plaintiff, ROSS PICART ("Mr. PICART"), is a black Hispanic male who, at all times material hereto, was a resident of Hallandale, Florida, and worked in Miami Gardens, Florida.

12.      Plaintiff, RODERICK DEWAYNE SMITH ("Mr. SMITH"), is a black male who, at all times material hereto, was a resident of Miami Gardens, Florida.

13.      Plaintiff, ANTHONY LOWERY ("Mr. LOWERY"), is a black male who, at all times material hereto, was a resident of Miami Gardens, Florida.

14.      Plaintiff, KENNETH CRANE ("Mr. CRANE"), is a black male who, at all times material hereto, was a resident of Miami Gardens, Florida.

8

15.     Plaintiff, BRANDON SPIVEY ("Mr. SPIVEY"), is a black male who, at all times material hereto, was a resident of Miami Gardens, Florida.

16.     Plaintiff, YVENSONNE MONTALE ("Mr. MONTALE"), is a black male who, at all times material hereto, was a resident of Miami Gardens, Florida.

17.     Plaintiff, ALI AMIN SALEH ("Mr. SALEH"), is a Hispanic/Middle Eastern male who, at all times material hereto, was a resident of Pembroke Pines, Florida and owner of the Quick Stop Convenience Store located at 3185 NW 207th Street, Miami, Florida 33056 ("QUICKSTOP").

18.     Defendant, CITY OF MIAMI GARDENS ("CITY"), is a municipality duly incorporated and existing under the laws of the State of Florida.  The CITY established and maintains the Miami Gardens Police Department ("MGPD"), as a constituent department or agency.  The CITY is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the CITY and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States.

19.     Defendant, MAYOR OLIVER G. GILBERT, III ("MAYOR GILBERT"), is or was, at all times material hereto, the current Mayor since 2012 and a final policymaker of the CITY. He is sued in his individual and official capacities.

20.     Defendant, FORMER MAYOR SHIRLEY GIBSON ("FORMER MAYOR GIBSON"), was, at all times material hereto, Mayor of the CITY from 2003 through 2012, and a final policymaker prior to MAYOR GILBERT taking office in 2012. She is sued in her official and individual capacities.

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ ph 954.369.1993 ▪ f 888.315.6291
www.reyeslegal.com

21.     Defendant, CITY MANAGER DR. DANNY O. CREW ("CITY MANAGER CREW"), is or was, at all times material hereto, the City Manager, Chief Administrator, and a final policymaker of the CITY. He is sued in his individual capacity.

22.     Defendant, CHIEF MATHEW BOYD (Badge No. 100-001) ("CHIEF BOYD"), was, at all times material hereto, the Chief of Police and a final policymaker for the CITY with supervisory authority over all officers and operations of MGPD, including responsibility for training, recruiting, and managing all MGPD officers. He is sued in his official and individual capacities.

23.     Defendant, DEPUTY CHIEF PAUL MILLER (Badge No. 100-004) ("DEPUTY CHIEF MILLER"), was, at all times material hereto, the Deputy Chief of Police.  DEPUTY CHIEF MILLER directly oversees the day-to-day operations of MGPD's three divisions and serves as acting chief during the absence of CHIEF BOYD. He is sued in his individual capacity.

24.     Defendant, MAJOR ANTHONY CHAPMAN (Badge No. 100-014) ("MAJOR CHAPMAN"), was, at all times material hereto, Major of Criminal Investigations and part of MGPD command staff.  He is sued in his individual capacity.

25.     Defendant, CAPTAIN GARY SMITH (Badge No. 100-048) ("CAPTAIN SMITH"), is or was, at all times material hereto, a Captain with MGPD. At all times material hereto CAPTAIN SMITH is or was assigned to the internal affairs unit and was an employee of the MGPD.  He is sued in his individual capacity.

26.     Defendant, SERGEANT TIMOTHY ADAMS (Badge No. 100-049) ("ADAMS"), is or was, at all times material hereto, a Sergeant and/or a police officer with MGPD.  He is sued in his individual capacity.

10

27.     Defendant, CARLOS AUSTIN (Badge No. 100-296) ("AUSTIN"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

28.     Defendant, SERGEANT, WILLIAM BAMFORD (Badge No. 100-035) ("BAMFORD") is or was, at all times material hereto, a Sergeant and/or a police officer with MGPD. He is sued in his individual capacity.

29.     Defendant, TERRANCE BARMORE (Badge No. 100-196) ("BARMORE"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

30.     Defendant, ALEX BARNEY (Badge No. 100-307) ("BARNEY"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

31.     Defendant, ALVIN BERNARD (Badge No. 100-327) ("BERNARD"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

32.     Defendant, JESSIE BROWN (Badge No. 100-274) ("BROWN"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

33.     Defendant, DELROY BURGESS (Badge No. 100-155) ("BURGESS"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

34.     Defendant, EDWARD CASTELLI (Badge No. 100-325) ("CASTELLI"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

35.     Defendant, RANDY CARPENTER (Badge No. 100-151) ("CARPENTER"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

36.     Defendant, RYAN CLIFTON (Badge No. 100-276) ("CLIFTON"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

37.     Defendant, CARLTON COLEMAN (Badge No. 100-142) ("COLEMAN"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

38.     Defendant, SERGEANT TOM DAMIANI (Badge No. 100-046) ("DAMIANI"), is or was, at all times material hereto, a sergeant and/or an officer with MGPD.  He is sued in his individual capacity.

39.     Defendant, SERGEANT WILLIAM DUNASKE (Badge No. 100-311) ("SERGEANT DUNASKE"), was, at all times material hereto, a sergeant and/or an officer with MGPD. He is sued in his individual capacity.

40.     Defendant, PETER EHRLICH (Badge No. 100-278) ("EHRLICH"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

41.     Defendant, JEFFREY ENGERS (Badge No. 100-181) ("ENGERS"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

42.     Defendant, SHAWN EUBANKS (Badge No. 100-247) ("EUBANKS"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

43.     Defendant, RAUL FERNANDEZ (Badge No. 100-224) ("FERNANDEZ"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

44.     Defendant, ERIK GLEASON (Badge No. 100-221) ("GLEASON"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

12

45.     Defendant, ANDREW GREGOIRE (Badge No. 100-331) ("GREGOIRE") is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

46.     Defendant, BRIAN GREGORY (Badge No. 100-326) ("GREGORY"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

47.     Defendant, JAMES HARRIS (Badge No. 100-132) ("HARRIS"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

48.     Defendant, SERGEANT, DIANA HEDRICK (Badge No. 100-295) ("HEDRICK") is or was, at all times material hereto, a Sergeant and/or a police officer with MGPD.  She is sued in his individual capacity.

49.     Defendant, SERGEANT JEFFREY HOHENDORF (Badge No. 100-203) ("HOHENDORF"), is or was, at all times material hereto, a Sergeant and/or a police officer with MGPD.  He is sued in his individual capacity.

50.     Defendant, ANITA HOPSON (Badge No. 100-249) ("HOPSON"), is or was, at all times material hereto, a police officer with MGPD. She is sued in her individual capacity.

51.     Defendant, MICHAEL HORN (Badge No. 100-242) ("HORN"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

52.     Defendant, SERGEANT BUDDY HUNHOLZ (Badge No. 100-027) ("SERGEANT HUNHOLZ"), is or was, at all times material hereto, a Sergeant and/or police officer with MGPD. He is sued in his individual capacity.

53.     MIGUEL IRIZARRY (Badge No. 100-161) ("IRIZARRY") is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

13

54.     Defendant, WANDA JACKSON (Badge No. 100-133) ("JACKSON"), is or was, at all times material hereto, a police officer with MGPD. She is sued in his individual capacity.

55.     Defendant, NICOLAS JACOBS (Badge No. 100-229) ("JACOBS"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

56.     Defendant, RICHARD JESSUP (Badge No. 100-134) ("JESSUP"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

57.     Defendant, SHIRLEY JONES-GRAY (Badge No. 100-280) ("JONES-GRAY"), is or was, at all times material hereto, a police officer with MGPD. She is sued in her individual capacity.

58.     Defendant, NELLY JOSEPH (Badge No. 100-335) ("JOSEPH"), is or was, at all times material hereto, a police officer with MGPD. She is sued in his individual capacity.

59.     Defendant, ALEX JUDON (Badge No. 100-253) ("JUDON"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

60.     Defendant, SERGEANT, HEATHER KIDDER (Badge No. 100-261) ("KIDDER"), is or was, at all times material hereto, a Sergeant and/or a police officer with MGPD.  She is sued in his individual capacity.

61.     Defendant, SERGEANT STEPHEN KOLACKOVSKY (Badge No. 100-043) ("SERGEANT KOLACKOVSKY"), is or was, at all times material hereto, a Sergeant with MGPD.  He is sued in his individual capacity.

62.     Defendant, DEVIN LUCIUS (Badge No. 100-329) ("LUCIUS"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

63.     Defendant, MICHAEL MALONE (Badge No. 100-136) ("MALONE"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

64.     Defendant, CHRISTOPHER MARTINEZ (Badge No. 100-267 ("MARTINEZ"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

65.     Defendant, SHONADEE MCNEIL (Badge No. 100-165) ("MCNEIL"), is or was, at all times material hereto, a police officer with MGPD. She is sued in her individual capacity.

66.     Defendant, JASON MOORE (Badge No. 100-244) ("MOORE"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

67.     Defendant, ALEXANDER MORTON (Badge No. 100-286) ("MORTON"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

68.     Defendant, SERGEANT JOSEPH NARGISO (Badge No. 100-141) ("SERGEANT NARGISO"), is or was, at all times material hereto, a Sergeant with MGPD. He is sued in his individual capacity.

69.     Defendant, SERGEANT WIREN NORRIS (Badge No. 100-245) ("NORRIS"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

70.     Defendant, BARBARA PALMER (Badge No. 100-140) ("PALMER"), is or was, at all times material hereto, a police officer with MGPD. She is sued in her individual capacity.

71.     Defendant, HENRY PAYOUTE (Badge No. 100-330) ("PAYOUTE"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

15

72.     Defendant, ONASSIS PERDOMO (Badge No. 100-153) ("PERDOMO"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

73.     Defendant, SAUL PEREZ (Badge No. 100-237) ("PEREZ"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

74.     Defendant, HUBERT PIERRE (Badge No. 100-207) ("PIERRE"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

75.     Defendant, SERGEANT, JEREMY PILONE (Badge No. 100-168) ("PILONE"), is or was, at all times material hereto, a Sergeant and/or a police officer with MGPD. He is sued in his individual capacity.

76.     Defendant, KEVIN PINKNEY (Badge No. 100-254) ("PINKNEY"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

77.     Defendant, ARTHUR PRINCE (Badge No. 100-190) ("PRINCE"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

78.     Defendant, LAWRENCE RICHARDSON (Badge No. 100-169) ("RICHARDSON"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

79.     Defendant, JAVIER ROMAGUERA (Badge No. 100-216) ("ROMAGUERA"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ ph 954.369.1993 ▪ f 888.315.6291
www.reyeslegal.com

80.     Defendant, EDWIN ROSADO (Badge No. 100-172) ("E. ROSADO" or "ROSADO, E."), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

81.     Defendant, JOSE ROSADO (Badge No. 100-171) ("J. ROSADO" or ROSADO, J."), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

82.     Defendant, SERGEANT STACEY ROVINELLI (Badge No. 100-192) ("ROVINELLI"), is or was, at all times material hereto, a Sergeant with MGPD. She is sued in her individual capacity.

83.     Defendant, MICHAEL RUIZ (Badge No. 100-321) ("RUIZ"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

84.     Defendant, JEAN SAINT-LOUIS (Badge No. 100-131) ("SAINT-LOUIS"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

85.     Defendant, JIMY SANCHEZ (Badge No. 100-289) ("SANCHEZ"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

86.     Defendant, SERGEANT MARTIN SANTIAGO (Badge No. 100-174) ("SANTIAGO"), is or was, at all times material hereto, a Sergeant and/or a police officer with MGPD. He is sued in his individual capacity.

87.     Defendant, JOSEPH SCHAEFER (Badge No. 100-298) ("SCHAEFER"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

17

88.     Defendant, ANGEL SEARY (Badge No. 100-246) ("SEARY"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

89.     Defendant, ALBERTO SEDA (Badge No. 100-314) ("SEDA") is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

90.     Defendant CHRISTOPHER SHUMAN (Badge No. 100-255) ("SHUMAN") is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

91.     Defendant, TALIBAH SIMMONS (Badge No. 100-194) ("SIMMONS"), is or was, at all times material hereto, a police officer with MGPD. She is sued in her individual capacity.

92.     Defendant, JONATHAN STARK (Badge No. 100-144) ("STARK"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

93.     Defendant, KEVIN TAMAYO (Badge No. 100-332) ("TAMAYO"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

94.     Defendant, EDDO TRIMINO (Badge No. 100-291) ("TRIMINO"), is or was, at all times material hereto, a police officer with MGPD.  He is sued in his individual capacity.

95.     Defendant, JAINA UCANAN (Badge No. 100-272) ("UCANAN"), is or was, at all times material hereto, a police officer with MGPD. She is sued in her individual capacity.

96.     Defendant, CARLOS VELEZ (Badge No. 100-178) ("C. VELEZ"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

97.     Defendant, VICTOR VELEZ (Badge No. 100-324) ("V. VELEZ"), is or was, at all times material hereto, a police officer with MGPD.  He is sued in his individual capacity.

18

98.     Defendant, SERGEANT SCOTT WHITE (Badge No. 100-045) ("WHITE"), is or was, at all times material hereto, a Sergeant and/or an officer with MGPD. He is sued in his individual capacity.

99.     Defendant, WILLIAM WAGENMANN (Badge No. 100-139) ("WAGENMANN"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

100.    Defendant, SERGEANT, EDWARD WAGNER (Badge No. 100-034 ("WAGNER") is or was, at all times material hereto, a Sergeant and/or a police officer with MGPD. He is sued in his individual capacity.

101.    Defendant, MICHAEL WAGONER (Badge No. 100-213) ("WAGONER"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

102.    Defendant, EUGENE WILLIAMS (Badge No. 100-293) ("WILLIAMS"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

103.    Defendant, SERGEANT RUFUS WILLIAMS (Badge No. 100-029) ("R. WILLIAMS"), is or was, at all times material hereto, a Sergeant and/or a police officer with MGPD. He is sued in his individual capacity.

104.    Defendant, MICHAEL WRIGHT (Badge No. 100-219) ("WRIGHT"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

105.    Defendant, JOSEPH ZELLNER (Badge No. 100-222) ("ZELLNER"), is or was, at all times material hereto, a police officer with MGPD. He is sued in his individual capacity.

19

106.    Defendants, UNIDENTIFIED JOHN DOE OFFICERS ("UNIDENTIFIED JOHN DOES"), who are or were, at all times material hereto, police officers or supervisors with MGPD. They are sued in their individual capacities.

## GENERAL ALLEGATIONS

107.    This is a civil rights action in which named Plaintiffs seek relief for Defendants' violations of their rights, privileges, and immunities as guaranteed by the Civil Rights Act of 1871, 42 U.S.C § 1983; the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Title VI of the Civil Rights Act of 1964, 42 U.S.C § 2000(d), *et seq*. ("Title VI"); the Equal Protection Clause; and the constitution and laws of the State of Florida.

108.    Defendants have implemented and are continuing to enforce, encourage and, sanction a policy, practice, and/or custom of unconstitutional stop-and-frisks, searches, seizures, arrests and prosecutions of CITY residents, including Plaintiffs, by MGPD officers — all of which are done without the reasonable articulable suspicion and/or probable cause required under the Fourth Amendment.

109.    In addition, this pattern and practice of unconstitutional stop-and-frisks, searches, seizures, and arrests by MGPD officers utilizes race and/or national origin, not reasonable suspicion or probable cause, as the determinative factors in conducting said actions, in violation of the Equal Protection Clause of the Fourteenth Amendment. The victims of this racial and/or national origin profiling are principally black males.

110.    MGPD's widespread constitutional abuses are a result of, and are directly and proximately caused by, policies, practices, and/or customs devised, implemented, and enforced

20

by the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD.

111.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD have acted, and continue to act, with deliberate indifference to the constitutional rights of those who come into contact with MGPD officers by: (a) failing to properly screen, train, and supervise MGPD officers; (b) inadequately monitoring MGPD officers during and after stop-and-frisks, searches, seizures, and arrests; (c) failing to sufficiently discipline MGPD officers who engaged in constitutional abuses, and (d) encouraging, sanctioning, and failing to rectify MGPD's unconstitutional practices.

112.    The constitutional abuses are a result of either unconstitutional policies, or policies that, while constitutional on their face, are implemented in such a way that violate constitutionally protected rights.  Additionally, all constitutional abuses have occurred under the color of authority by MGPD officers.

**The Policies**

*(a) Quotas Policy*

113.    MGPD final policymakers have created, implemented, and are continuing to enforce an illegal system of quotas ("Quota Policy") requiring officers to issue a specific amount of citations, field contact reports, and arrests per month. The CITY is aware of and has tacitly approved the Quota Policy.

114.    The Quota Policy evaluates officers' productivity exclusively on the quantity of arrests, citations, and field contact reports submitted, instead of officers' adherence to constitutional practices, involvement in the community, etc.. Officers are rewarded with

21

incentives, benefits, raises, and/or promotions if these arbitrary quotas are met or exceeded. Contrastingly, officers who do not meet the monthly quotas are not only reprimanded but are routinely disciplined and demoted.

115.    From 2008 through 2013, the unconstitutional Quota Policy became CITY policy, practice, and/or custom. The Quota Policy was enacted by CHIEF BOYD who is a CITY final policymaker for law enforcement purposes. Further, the CITY was put on notice of the Quota Policy by concerned officers, and failed to rectify the issue.

116.    The Quota Policy has directly and proximately led MGPD officers to engage in a pattern and practice of police misconduct resulting in countless race-based and/or national origin-based stops. During the course of these stops, MGPD officers have committed thousands of unconstitutional searches, seizures, and false arrests, causing Plaintiffs to suffer continuous injuries.

117.    The pressure to perform under the Quota Policy is so pervasive, that many times MGPD officers fabricate field contact reports with CITY residents who were actually incarcerated or at another location being stopped by other officers at the time the officers allegedly made contact.

*(b) Zero Tolerance Zone Policy*

118.    In addition to the Quota Policy, MGPD has enacted a "Zero Tolerance Zone" Policy which, although constitutional on its face, has been, and continues to be, applied in such a way that violates the constitutional rights of CITY residents, including named Plaintiffs.

119.    The alleged purpose of the policy is to reduce the number of individuals who are seen trespassing and loitering on private property without legitimate business. The policy asks

22

local businesses to complete an affidavit and post a sign on their properties which states that the business owner allows MGPD officers to act on their behalf in their absence.

120.     MGPD officers have used the Zero Tolerance Zone Policy, enacted by the CITY and its final policymakers, to illegally stop-and-frisk, search, seize, and arrest named Plaintiffs while visiting local businesses. This includes businesses which have not enrolled, or previously enrolled but have withdrawn enrollment, in the Zero Tolerance Zone program.

121.     In many instances, MGPD officers have illegally stopped-and-frisked, searched, seized, and arrested named Plaintiffs, and other CITY residents, while the business owner was present and affirmatively requesting the officers not take any action.

122.     The CITY and its final policymakers were on notice that MGPD officers were, and are, using the Zero Tolerance Zone Policy to conduct unconstitutional stop-and-frisks, searches, seizures, and arrests and have failed to rectify the issue.

   *(c) Racial Targeting Policy*

123.     Lastly, MGPD officers have used, and continue to use, race and/or national origin for the purpose of stopping, frisking, searching, seizing, and arresting principally black males. Specifically, through information and belief, MGPD has directly ordered its officers to stop-and-frisk black males, ages fifteen through thirty, without reasonable articulable suspicion of criminality ("Racial Targeting Policy").

124.     The Racial Targeting Policy was implemented and ratified by CHIEF BOYD, a final policymaker, and was tacitly approved by the CITY. The policy, which is unconstitutional on its face, impermissibly uses race and/or national origin and age, not reasonable articulable suspicion, as the determinative factor in initiating police interaction.

23

125.    From 2008 through 2013, this policy has resulted in countless field contact reports of investigatory stops which were conducted pursuant to this policy, without any reasonable articulable suspicion of criminality.

126.    All of the foregoing unconstitutional and illegal violations were conducted by MGPD police officers under the color of law.

127.    Plaintiffs seek a judgment declaring that the policies, practices, and/or customs described herein violate the Fourth and Fourteenth Amendments and an injunction enjoining Defendants from continuing such polices, practices, and/or customs. In addition, Plaintiffs seek compensatory and punitive damages for violations of their constitutionally protected rights. Plaintiffs seek an award of attorneys' fees and costs and such other relief as this Court deems just and proper.

## SPECIFIC ALLEGATIONS AS TO EARL SAMPSON

128.    Mr. SAMPSON is a twenty-eight year old black male who has been a resident of the CITY for approximately thirteen years. Mr. SAMPSON has been an employee of the QUICKSTOP since October 2011.

129.    Over the course of approximately five years, spanning from 2008 to 2013, Mr. SAMPSON was unlawfully stopped-and-frisked, searched, seized, and/or arrested 288 times within the CITY and by MGPD officers —the equivalent of roughly once every week for four years. In all 288 instances, an investigatory stop was performed by MGPD officers who checked Mr. SAMPSON for outstanding warrants.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

130.     Well over 200 of these stop-and-frisks, searches, seizures, and/or arrests occurred without the reasonable articulable suspicion and/or probable cause required by law.

131.     Out of the 288 times Mr. SAMPSON was stopped by MGPD officers, he was arrested only sixty-three times. Out of the sixty-three arrests, thirty arrests resulted in no action being taken by the State Attorney's Office or the Court dismissing the case for lack of probable cause at bonds. Twenty-seven of the remaining convictions are currently subject of a pending motion to vacate the convictions on the basis of newly discovered exculpatory evidence of actual innocence. The motion is scheduled to be heard in state court in mid-December, 2013.

132.     The twenty-seven convictions were all based on charges for trespassing at the QUICKSTOP. During the course of all twenty-seven arrests, Mr. SAMPSON was either at the QUICKSTOP with full permission from the owner, Mr. SALEH, or was working at the QUICKSTOP. On several occasions Mr. SAMPSON was arrested for trespassing while working stocking the shelves or taking out the garbage at the QUICKSTOP.

133.     The following named Defendants, all of whom were acting under color of law, were involved in at least one of the more than 288 stop-and-frisks, searches, seizures, and arrests, either directly or through tacit approval: ADAMS, BAMFORD, BARMORE, BARNEY, BERNARD, BROWN, BURGESS, CARPENTER, CASTELLI, CLIFTON, DAMIANI, DUNASKE, EHRLICH, ENGERS, GLEASON, GREGOIRE, HEDRICK, HOHENDORF, HOPSON, HORNE, HUNHOLZ, JACKSON, JACOBS, JESSUP, JONES-GRAY, KIDDER, KOLACKOVSKY, LUCIUS, MALONE, MARTINEZ, MCNEIL, MORTON, NARGISO, NORRIS, PAYOUTE, PERDOMO, PEREZ, PILONE, PINKNEY, ROBINSON, ROMAGUERA, ROSADO, E., ROSADO, J., ROVINELLI, RUIZ, SAINT-

25

LOUIS, SANCHEZ, SANTIAGO, SCHAEFER, SEARY, SEDA, SHUMAN, STARK, TRIMINO, UCANAN, C. VELEZ, V. VELEZ, WAGENMANN, WAGNER, WAGONER, WHITE, WILLIAMS, WILLIAMS, R., and UNIDENTIFIED JOHN DOE OFFICERS. For purposes of consistency and clarity, the above-referenced officers will be collectively referred to as the "SAMPSON OFFICERS."

134.    The following named Defendants, all of who were acting under the color of law, were involved in at least one of the sixty-three arrests: BARNEY, CARPENTER, DUNASKE, FERNANDEZ, GLEASON, HARRIS, HORN, HUNHOLZ, JUDON, MALONE, MARTINEZ, MORTON, NARGISO, PALMER, PERDOMO, PINKNEY, PRINCE, ROSADO, J., SAINT-LOUIS, SANCHEZ, SANTIAGO, SCHAEFER, SEARY, SHUMAN, STARK, TRIMINO, UCANAN, C. VELEZ, WAGONER, WILLIAMS, and UNIDENTIFIED JOHN DOE OFFICERS. For purposes of consistency and clarity, the above-referenced officers will be collectively referred to as the "SAMPSON ARRESTING OFFICERS."

135.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline the SAMPSON OFFICERS and SAMPSON ARRESTING OFFICERS.

136.    The acts and omissions of the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, the SAMPSON OFFICERS, and the SAMPSON ARRESTING OFFICERS constitute a continuing violation of Mr. SAMPSON's constitutional rights.

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ ph 954.369.1993 ▪ f 888.315.6291
www.reyeslegal.com

## COUNT I

**Individual Claim of Mr. SAMPSON, Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

137.    Plaintiff, Mr. SAMPSON, realleges paragraphs 1-136 as if fully set forth herein.

138.    The conduct of the SAMPSON OFFICERS, in stopping-and-frisking, searching, seizing, and/or arresting Mr. SAMPSON was performed under color of law and without reasonable articulable suspicion and/or arguable probable cause. Moreover, each of these stop-and-frisks, searches, seizures, and/or arrests were performed on the basis of race and/or national origin.

139.    A reasonable police officer would not have believed there existed reasonable articulable suspicion to stop-and-frisk, and/or probable cause to search and arrest Mr. SAMPSON in light of clearly established law and the information possessed by the SAMPSON OFFICERS at the time of the incidents.

140.    As a direct and proximate result of such acts, the SAMPSON OFFICERS deprived Mr. SAMPSON of his constitutionally protected rights under the Fourth Amendment.

141.    As a direct and proximate result of the referenced constitutional abuses, Mr. SAMPSON has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

142.    The acts of the SAMPSON OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. SAMPSON to an award of punitive damages.

27

143.   The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline the SAMPSON OFFICERS.

**WHEREFORE**, Mr. SAMPSON requests judgment against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the SAMPSON OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT II

### Individual Claim of Mr. SAMPSON, Pursuant to 42 U.S.C § 1983, for Violation of the Equal Protection Clause of the Fourteenth Amendment

144.   Plaintiff, Mr. SAMPSON, realleges paragraphs 1-143 as if fully set forth herein.

145.   The SAMPSON OFFICERS have implemented and enforced a policy, practice and/or custom of stopping-and-frisking, searching, seizing, and/or arresting Mr. SAMPSON without reasonable articulable suspicion and/or arguable probable cause and, instead, based solely on his race and/or national origin.

146.   There is direct, circumstantial, and/or statistical evidence that Mr. SAMPSON was, and continues to be, a target of racial profiling by the SAMPSON OFFICERS in this action.

147.   As a result of MGPD's policy, practice, and/or custom (specifically, the Racial Targeting Policy) of stopping-and-frisking, searching, seizing, and arresting Mr. SAMPSON without reasonable articulable suspicion and/or probable cause the SAMPSON OFFICERS intentionally discriminated against a member of a protected class.

28

148.    As a direct and proximate result of such acts, the SAMPSON OFFICERS deprived Mr. SAMPSON of his constitutionally protected rights under the Fourteenth Amendment.

149.    As a direct and proximate result of the referenced constitutional abuses, Mr. SAMPSON has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

150.    The acts of the SAMPSON OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. SAMPSON to an award of punitive damages.

151.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline the SAMPSON OFFICERS.

**WHEREFORE**, Mr. SAMPSON requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the SAMPSON OFFICERS for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT III

### Individual Claim of Mr. SAMPSON, Pursuant to 42 U.S.C. § 1983, for Malicious Prosecution in Violation of the Fourth Amendment

152.    Plaintiff, Mr. SAMPSON, realleges paragraphs 1-151, as if fully set forth herein.

153.    Mr. SAMPSON was arrested a total of sixty-three times from 2008 to 2013. In each instance, an original judicial proceeding against Mr. SAMPSON was commenced.

29

154.    The SAMPSON ARRESTING OFFICERS were each the legal cause of the original proceedings against Mr. SAMPSON in at least one of the sixty-three arrests.

155.    The termination of the original proceedings against Mr. SAMPSON constituted a bona fide termination of that proceeding in favor of Mr. SAMPSON in thirty of those arrests. Specifically, in thirty of the instances, either the State Attorney's Office took "no action" against Mr. SAMPSON or the Court dismissed the charges, finding the arrests were made without probable cause.

156.    Twenty-seven of the remaining convictions, are currently the subject of a pending motion to vacate the convictions on the basis of newly discovered exculpatory evidence of actual innocence. The motion is scheduled to be heard in state court in mid-December, 2013.

157.    In summary, fifty-seven original proceedings commenced by the SAMPSON ARRESTING OFFICERS were commenced absent probable cause.

158.    The SAMPSON ARRESTING OFFICERS operated with malice in arresting Mr. SAMPSON fifty-seven times – twenty-seven arrests while he was working or at his place of employment – without arguable probable cause. In every instance, the SAMPSON ARRESTING OFFICERS knew they lacked probable cause to arrest Mr. SAMPSON but, notwithstanding this knowledge, proceeded to arrest him anyway.

159.    Mr. SAMPSON suffered, and continues to suffer damages, as a result of the original proceedings. Mr. SAMPSON was incarcerated following his arrests and/or arraignment to await bond hearings and/or trial if he could not post his monetary bond and therefore was seized in violation of his Fourth Amendment Rights.

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ ph 954.369.1993 ▪ f 888.315.6291
www.reyeslegal.com

**WHEREFORE**, Mr. SAMPSON requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the SAMPSON ARRESTING OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper

## COUNT IV

### Individual State Law Claim of Mr. SAMPSON for Civil Battery

160.    This is a cause of action, under the common law of the State of Florida, for civil battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, set forth above.

161.    Plaintiff, Mr. SAMPSON, realleges Paragraphs 1 through 159, as if fully set forth herein.

162.    The conduct of the SAMPSON OFFICERS, in illegally searching and arresting Mr. SAMPSON, was intentional, malicious, wanton and willful, and intended to cause a harmful or offensive contact with the person of Mr. SAMPSON.

163.    The conduct of the SAMPSON OFFICERS was committed within the course and scope of their employment with MGPD.

164.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the batteries committed by the SAMPSON OFFICERS upon the person of Mr. SAMPSON, in that the civil batteries was intentional, was committed within the course and scope of the SAMPSON OFFICERS' employment with MGPD, such that the doctrine of respondeat superior applies to this action.

31

165.     As a direct and proximate result of the batteries detailed above, Mr. SAMPSON suffered bodily injury which resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. SAMPSON will suffer such losses in the future.

**WHEREFORE**, Mr. SAMPSON respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the SAMPSON OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

**COUNT V**

**Individual State Law Claim of Mr. SAMPSON for False Arrest**

166.     This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

167.     Plaintiff, Mr. SAMPSON, realleges Paragraphs 1 through 165, as if fully set forth herein.

168.     The conduct of the SAMPSON ARRESTING OFFICERS was intentional, willful, wanton, and malicious and was committed within the course and scope of their employment with MGPD.

169.     Mr. SAMPSON was unlawfully detained and deprived of his liberty against his will when the SAMPSON ARRESTING OFFICERS arrested him fifty seven times without legal authority.

32

170.    The conduct of the SAMPSON ARRESTING OFFICERS resulted in repeated false arrests of Mr. SAMPSON, as the arrests were made without probable cause or even arguable probable cause. Each arrest was unreasonable and unwarranted under the circumstances.

171.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the false arrests of Mr. SAMPSON in that the false arrests were intentional, willful, wanton, and malicious and were committed within the course and scope of the SAMPSON ARRESTING OFFICERS' employment with MGPD, such that the doctrine of respondeat superior applies to this action.

172.    As a direct and proximate result of the false arrests detailed above, Mr. SAMPSON suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. SAMPSON will suffer such losses in the future.

**WHEREFORE**, Mr. SAMPSON respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the SAMPSON ARRESTING OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

33

## COUNT VI

### Individual State Law Claim of Mr. SAMPSON for Intentional Infliction of Emotional Distress

173.    This is an action, under the common law of the State of Florida, for intentional infliction of emotion distress. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, set forth above.

174.    Plaintiff, Mr. SAMPSON, realleges Paragraphs 1 through 172, as if fully set forth herein.

175.    The conduct of the SAMPSON OFFICERS, in stopping, searching, seizing, and/or arresting Mr. SAMPSON countless times without reasonable articulable suspicion and/or probable cause, was intentional or reckless and was committed within the course and scope of their employment with MGPD.

176.    The conduct was outrageous — going beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

177.    The conduct caused, and continues to cause, severe emotional distress. Mr. SAMPSON is afraid to walk around his own neighborhood, afraid to go to work, and afraid to enjoy his life as a CITY resident.

178.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the intentional infliction of emotional distress committed by the SAMPSON OFFICERS upon the person of Mr. SAMPSON, in that the intentional infliction of emotional distress was intentional, was

34

committed within the course and scope of the SAMPSON OFFICERS' employment with MGPD, such that the doctrine of respondeat superior applies to this action.

**WHEREFORE**, Mr. SAMPSON respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the SAMPSON OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

<u>COUNT VII</u>

**Individual State Law Claim of Mr. SAMPSON for Malicious Prosecution**

179.    This is an action, under the common law of the State of Florida, for malicious prosecution. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

180.    Plaintiff, Mr. SAMPSON, realleges Paragraphs 1 through 178, as if fully set forth herein.

181.    Mr. SAMPSON was arrested a total of sixty-three times from 2008 to 2013. In each instance, an original judicial proceeding against Mr. SAMPSON was commenced.

182.    Defendants, SAMPSON ARRESTING OFFICERS, were each the legal cause of the original proceedings against Mr. SAMPSON at least once out of the sixty-three times.

183.    The termination of the original proceedings against Mr. SAMPSON constituted a bona fide termination of that proceeding in favor of Mr. SAMPSON. Specifically, in thirty of the instances, the State Attorney's Office took "no action" against Mr. SAMPSON or the Court dismissed the charges.

35

184.    Twenty-seven of the remaining convictions are currently the subject of a pending motion to vacate  the convictions on the basis of newly discovered exculpatory evidence of actual innocence. The motion is scheduled to be heard in state court in mid-December, 2013.

185.    In summary, fifty-seven original proceedings commenced by the SAMPSON ARRESTING OFFICERS were commenced absent probable cause.

186.    The SAMPSON ARRESTING OFFICERS operated with malice in arresting Mr. SAMPSON fifty-seven times – twenty-seven arrests while he was working or at his place of employment – without probable cause. In every instance, the SAMPSON ARRESTING OFFICERS knew they lacked probable cause to arrest Mr. SAMPSON but, notwithstanding this knowledge, proceeded to arrest him anyway.

187.    Mr. SAMPSON suffered, and continues to suffer damages, as a result of the original proceedings. Mr. SAMPSON was incarcerated following his arrests and/or arraignments to await bond hearings and/or trial if he could not post his monetary bond.

**WHEREFORE**, Mr. SAMPSON respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the SAMPSON ARRESTING OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## SPECIFIC ALLEGATIONS AS TO TOREE M. DANIELS

188.    Ms. DANIELS is a thirty-five year old black female who has been a resident of the CITY for her entire life.

36

189.    Over the course of approximately five years, spanning from February 2008 to January 2013, Ms. DANIELS was unlawfully stopped-and-frisked, searched, seized, and/or arrested at least 180 times within the CITY and by MGPD officers — equivalent to roughly once every 4.08 days for nearly five years. In all instances, an investigatory stop was performed by MGPD officers who checked Ms. DANIELS for outstanding warrants.

190.    Well over 200 of these stop-and-frisks, searches, seizures, and/or arrests occurred without the reasonable articulable suspicion and/or probable cause required by law.

191.    Out of the 180 times Ms. DANIELS was stopped by MGPD officers, she was arrested only fifty-five times. Out of the fifty-five arrests, twenty-three resulted in no action being taken by the State Attorney's Office or the charges were dismissed by the Court for lack of probable cause.

192.    Similar to Mr. SAMPSON, many of Ms. DANIELS' contacts with MGPD officers took place while at the QUICKSTOP where, again, the owner, Mr. SALEH, had given her full permission to be on the premises.

193.    The following named Defendants, all of whom were acting under color of authority, were involved in at least one of the 180 stop-and-frisks, searches, seizures, and arrests: ADAMS, BAMFORD, BARNEY, CARPENTER, CLIFTON, DAMIANI, DUNASKE, EUBANKS, GREGOIRE, HARRIS, HEDRICK, HOHENDORF, HORN, HUNHOLZ, IRIZARRY, JACKSON, JUDON, KIDDER, KOLACKOVSKY, MALONE, MARTINEZ, MOORE, NARGISO, NORRIS, PALMER, PAYOUTE, PERDOMO, PEREZ,, PILONE, PINKNEY, ROMAGUERA, ROVINELLI, RUIZ, SAINT-LOUIS, SANTIAGO, SCHAEFER, SEDA, SHUMAN, SIMMONS, STARK, UCANAN, V. VELEZ, WAGENMANN, WAGNER,

37

WAGONER, WILLIAMS, R., and UNIDENTIFIED JOHN DOE OFFICERS. For purposes of consistency and clarity, the above-referenced officers will be referred to as "DANIELS OFFICERS".

194.    The following named Defendants, all of whom were acting under the color of law, were involved in at least one of the fifty-five arrests: BARNEY, CARPENTER, HARRIS, MALONE, MOORE, PALMER, RUIZ, SEDA, SIMMONS, STARK, UCANAN, V. VELEZ, WAGENMANN, and UNIDENTIFIED JOHN DOE OFFICERS. For purposes of consistency and clarity, the above-referenced officers will be referred to as "DANIELS ARRESTING OFFICERS".

195.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline the DANIELS OFFICERS and DANIELS ARRESTING OFFICERS.

196.    The acts and omissions of the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, the DANIELS OFFICERS, and the DANIELS ARRESTING OFFICERS constitute a continuing violation of Ms. DANIEL's constitutional rights.

## COUNT I

**Individual Claim of Ms. DANIELS, Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

197.    Plaintiff, Ms. DANIELS, realleges paragraphs 1 through 127 and 188 through 196 as if fully set forth herein.

38

198.    The conduct of the DANIELS OFFICERS, in stopping-and-frisking, searching, seizing, and/or arresting Ms. DANIELS was performed under color of law and without reasonable articulable suspicion and/or arguable probable. Moreover, each of these stop-and-frisks, searches, seizures, and/or arrests were performed on the basis of race and/or national origin.

199.    A reasonable officer would not have believed there was reasonable suspicion to stop-and-frisk and/or probable cause to arrest Ms. DANIELS in light of clearly established law and information possessed by the DANIELS OFFICERS at the time of the stop-and-frisks and/or arrests.

200.    As a direct and proximate result of such acts, the DANIELS OFFICERS deprived Ms. DANIELS of her constitutionally protected rights under the Fourth Amendment.

201.    As a direct and proximate result of referenced constitutional abuses, Ms. DANIELS has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

202.    The acts of the DANIELS OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Ms. DANIELS to an award of punitive damages.

**WHEREFORE**, Plaintiff, Ms. DANIELS requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the DANIELS OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

39

## COUNT II

**Individual Claim of Ms. DANIELS, Pursuant to 42 U.S.C § 1983, for Violation of the
Equal Protection Clause of the Fourteenth Amendment**

203.     Plaintiff, Ms. DANIELS, realleges paragraphs 1 through 127 and 188 through 196
as if fully set forth herein.

204.     The DANIELS OFFICERS have implemented and enforced a policy, practice
and/or custom of stopping-and-frisking, searching, seizing, and/or arresting Ms. DANIELS
without reasonable articulable suspicion and/or probable cause and, instead, based solely on her
race and/or national origin.

205.     There is direct, circumstantial, and/or statistical evidence that Ms. DANIELS was,
and continues to be, a target of racial profiling by the DANIELS OFFICERS in this action.

206.     As a result, of MGPD's policy, practice, and/or custom of stopping-and-frisking,
searching, seizing, and arresting Ms. DANIELS without reasonable articulable suspicion and/or
probable cause, the DANIELS OFFICERS intentionally discriminated against a member of a
protected class.

207.     As a direct and proximate result of such acts, the DANIELS OFFICERS deprived
Ms. DANIELS of her constitutionally protected rights under the Fourteenth Amendment.

208.     As a direct and proximate result of the referenced constitutional abuses, Ms.
DANIELS has suffered, and will continue to suffer, physical, mental, and emotional pain and
suffering, mental anguish, embarrassment, and humiliation.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

209.    The acts of the DANIELS OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Ms. DANIELS to an award of punitive damages.

210.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline the DANIELS OFFICERS.

**WHEREFORE**, Plaintiff, Ms. DANIELS, requests judgment against Defendants, , CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the DANIELS OFFICERS for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT III

### Individual Claim of Ms. DANIELS, Pursuant to 42 U.S.C. § 1983, for Malicious Prosecution in Violation of the Fourth Amendment

211.    Plaintiff, Ms. DANIELS, realleges paragraphs 1 through 127 and 188 through 196 as if fully set forth herein.

212.    Ms. DANIELS was arrested approximately fifty-fives times from 2008 to 2013. In each instance, an original judicial proceeding against Ms. DANIELS was commenced.

213.    The DANIELS ARRESTING OFFICERS were each the legal cause of the original proceedings against Ms. DANIELS at least once out of the fifty-five times.

214.    The termination of twenty-three original proceedings against Ms. DANIELS constituted a bona fide termination of that proceeding in favor of Ms. DANIELS. Specifically,

41

in twenty-three instances, the State Attorney's Office took "no action" or the Court dismissed the charges against Ms. DANIELS finding the arrests were made without probable cause.

215.    The DANIELS ARRESTING OFFICERS operated with malice in arresting Ms. DANIELS twenty-three times without probable cause. In every instance, the DANIELS ARRESTING OFFICERS knew they lacked probable cause to arrest Ms. DANIELS but, notwithstanding this knowledge, proceeded to arrest her anyway.

216.    Ms. DANIELS suffered, and continues to suffer damages, as a result of the original proceedings.  Ms. DANIELS was incarcerated following her arraignments to await bond hearings and/or trial if she could not post her monetary bond and was therefore seized in violation of her Fourth Amendment Rights.

**WHEREFORE**, Plaintiff requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the DANIELS ARRESTING OFFICERS  for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## <u>COUNT IV</u>

### Individual State Law Claim of Ms. DANIELS for Civil Battery

217.    This is a cause of action, under the common law of the State of Florida, for civil battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

218.    Plaintiff, Ms. DANIELS, realleges paragraphs 1 through 127 and 188 through 196 as if fully set forth herein.

42

219.    The conduct of the DANIELS OFFICERS in illegally searching and arresting Ms. DANIELS was intentional, malicious, wanton and willful, and intended to cause a harmful or offensive contact with the person of Ms. DANIELS.

220.    The conduct of the DANIELS OFFICERS was committed within the course and scope of their employment with MGPD.

221.    Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the batteries committed by the DANIELS OFFICERS upon the person of Ms. DANIELS, in that the civil batteries were intentional and were committed within the course and scope of the DANIELS OFFICERS' employment with MGPD, such that the doctrine of respondeat superior applies to this action.

222.    As a direct and proximate result of the batteries alleged above, Ms. DANIELS suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Ms. DANIELS will suffer such losses in the future.

**WHEREFORE**, Ms. DANIELS respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the DANIELS OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

## COUNT V

### Individual State Law Claim of Ms. DANIELS for False Arrest

223.     This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

224.     Plaintiff, Ms., DANIELS, realleges paragraphs 1 through 127 and 188 through 196 as if fully set forth herein.

225.     The conduct of the DANIELS ARRESTING OFFICERS was intentional, willful, wanton, and malicious and was committed within the course and scope of their employment with MGPD.

226.     Ms. DANIELS was unlawfully detained and deprived of her liberty against her will when the DANIELS ARRESTING OFFICERS arrested her thirty-three times without legal authority.

227.     The conduct of the DANIELS ARRESTING OFFICERS constituted repeated false arrests of Ms. DANIELS, as the arrests were made without probable cause or even arguable probable cause. Each arrest was unreasonable and unwarranted under the circumstances.

228.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the false arrests of Ms. DANIELS in that the false arrests was intentional, willful, wanton, and malicious and were committed within the course and scope of the DANIELS ARRESTING OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

44

229.     As a direct and proximate result of the false arrests detailed above, Ms. DANIELS suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Ms. DANIELS will suffer such losses in the future.

**WHEREFORE**, Ms. DANIELS respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the DANIELS ARRESTING OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## <u>COUNT VI</u>

### Individual State Law Claim of Ms. DANIELS for Intentional Infliction of Emotional Distress

230.     This is an action, under the common law of the State of Florida, for intentional infliction of emotion distress. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

231.     Plaintiff, Ms., DANIELS, realleges paragraphs 1 through 127 and 188 through 196 as if fully set forth herein.

232.     The conduct of the DANIELS OFFICERS in stopping, searching, seizing, and/or arresting Ms. DANIELS over 180 times, was intentional or reckless and was committed within the course and scope of their employment with MGPD.

233.     The conduct was outrageous — going beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

234.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the infliction of intentional emotion distress upon Ms. DANIELS in that the infliction of the intentional emotional distress was intentional, willful, wanton, and malicious and were committed within the course and scope of the DANIELS ARRESTING OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

235.     The conduct caused, and continues to cause, severe emotional distress. Ms. DANIELS is afraid to walk around her own neighborhood, and afraid to enjoy her life as a CITY resident.

**WHEREFORE**, Ms. DANIELS respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the DANIELS OFFICERS,  together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT VII

**Individual State Law Claim of Ms. DANIELS for Malicious Prosecution**

236.     This is an action, under the common law of the State of Florida, for malicious prosecution. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

237.     Plaintiff, Ms. DANIELS, realleges paragraphs 1 through 127 and 188 through 196 as if fully set forth herein.

46

238.     Ms. DANIELS was arrested a total of fifty-five times from 2008 to 2013. In each instance, an original judicial proceeding against Ms. DANIELS was commenced.

239.     The DANIELS ARRESTING OFFICERS were each the legal cause of the original proceedings against Ms. DANIELS at least once out of the fifty-five times.

240.     The termination of twenty-three original proceedings against Ms. DANIELS constituted a bona fide termination of that proceeding in favor of Ms. DANIELS. Specifically, in twenty-three of the instances, either the State Attorney's Office took "no action" against Ms. DANIELS or the Court dismissed the charges, finding the arrests were made without probable cause.

241.     The DANIELS ARRESTING OFFICERS operated with malice in arresting Ms. DANIELS twenty-three times without probable cause. In every instance, the DANIELS ARRESTING OFFICERS knew they lacked probable cause and or arguable probable cause to arrest Ms. DANIELS but, notwithstanding this knowledge, proceeded to arrest her anyway.

242.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the malicious prosecution of Ms. DANIELS in that the malicious prosecution was intentional, willful, wanton, and malicious and were committed within the course and scope of the DANIELS ARRESTING OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

243.     Ms. DANIELS suffered, and continues to suffer damages, as a result of the original proceedings. Ms. DANIELS was incarcerated following her arrests or arraignments to await bond hearings and/or trial if she could not post her monetary bond.

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ ph 954.369.1993 ▪ f 888.315.6291
www.reyeslegal.com

**WHEREFORE**, Ms. DANIELS respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the DANIELS OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## SPECIFIC ALLEGATIONS AS TO BRANDON SPIVEY

244.    Mr. Spivey is a twenty-four year old black male who has been a resident of the CITY for his entire life.

245.    Over the course of approximately five years, spanning from February 2008 to January 2013, Mr. SPIVEY was unlawfully stopped-and-frisked, searched, seized, and/or arrested without reasonable suspicion or arguable probable cause, at least fifty times within the CITY and by MGPD officers.

246.    Out of the fifty times Mr. SPIVEY was stopped by MGPD officers, he was arrested only fourteen times. Out of the fourteen arrests, six arrests resulted in no action by the State Attorney's Office or were dismissed by the Court for lack of probable cause.

247.    The following named Defendants, all of whom were acting under color of authority, were involved in at least one of the fifty stop-and-frisks, searches, seizures, or arrests, either directly or through tacit approval: DUNASKE, ENGERS, HARRIS, HOHENDORF, HUNHOLZ, JESSUP, JUDON, KOLACKOVSKY, NARGISO, PERDOMO, PILONE, ROVINELLI, SANTIAGO, SEDA, TRIMINO, UCANAN, V. VELEZ, WAGENMANN,

48

WAGONER, AND UNIDENTIFIED JOHN DOES. For consistency and clarity, the above-referenced officers will be collectively referred to as "the SPIVEY OFFICERS".

248.    The following named Defendants, all of who were acting under the color of law, were involved in at least one of the six arrests: TRIMINO, UCANAN, WRIGHT, AND UNIDENTIFIED JOHN DOES. For purposes of consistency and clarity, the above-referenced officers will be collectively referred to as "the SPIVEY ARRESTING OFFICERS."

249.    The acts and omissions of the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, the SPIVEY OFFICERS, and the SPIVEY ARRESTING OFFICERS, constitute a continuing violation of Mr. SPIVEY's constitutional rights.

## COUNT I

**Individual Claim of Mr. SPIVEY, Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

250.    Plaintiff, Mr. SPIVEY, realleges Paragraphs 1 through 127 and 244 through 249, as if fully set forth herein.

251.    The conduct of the SPIVEY OFFICERS, in stopping-and-frisking, searching, seizing, and/or arresting Mr. SPIVEY over fifty times in five years, was performed under color of law and without reasonable articulable suspicion and/or arguable probable. Moreover, each of these stop-and-frisks, searches, seizures, and/or arrests were performed on the basis of race and/or national origin.

252.    A reasonable officer would not have believed there was reasonable suspicion to stop-and-frisk and/or probable cause to arrest Mr. SPIVEY in light of clearly established law

49

and information possessed by the SPIVEY OFFICERS at the time of the stop-and-frisks and/or arrests.

253.    As a direct and proximate result of such acts, Defendants, the SPIVEY OFFICERS, deprived Mr. SPIVEY of his Fourth Amendment rights in violation of 42 U.S.C. § 1983.

254.    As a direct and proximate result of referenced constitutional abuses, Mr. SPIVEY has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

255.    The acts of Defendants, the SPIVEY OFFICERS, were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. SPIVEY to an award of punitive damages.

256.    Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to a reasonable allowance for attorney fees as part of Plaintiff's costs.

**WHEREFORE**, Plaintiff, Mr. SPIVEY, requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the SPIVEY OFFICERS for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## <u>COUNT II</u>

### Individual Claim of Mr. SPIVEY, Pursuant to 42 U.S.C § 1983, for Violation of the Equal Protection Clause of the Fourteenth Amendment

257.    Plaintiff, Mr. SPIVEY, realleges Paragraphs 1 through 127 and 244 through 249, as if fully set forth herein.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

258.    The SPIVEY OFFICERS have implemented and enforced a policy, practice and/or custom of stopping-and-frisking, searching, seizing, and/or arresting Mr. SPIVEY without reasonable articulable suspicion and/or probable cause and, instead, based solely on his race and/or national origin.

259.    There is direct, circumstantial, and/or statistical evidence that Mr. SPIVEY was, and continues to be, a target of racial profiling by the SPIVEY OFFICERS in this action.

260.    As a result, MGPD's policy, practice, and/or custom of stopping-and-frisking, searching, seizing, and arresting Mr. SPIVEY without reasonable articulable suspicion and/or probable cause, the SPIVEY OFFICERS intentionally discriminated against a member of a protected class.

261.    As a direct and proximate result of such acts, the SPIVEY OFFICERS deprived Mr. SPIVEY of his constitutionally protected rights under the Fourteenth Amendment.

262.    As a direct and proximate result of the referenced constitutional abuses, Mr. SPIVEY has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

263.    The acts of the SPIVEY OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. SPIVEY to an award of punitive damages.

264.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline the SPIVEY OFFICERS.

51

**WHEREFORE**, Plaintiff, Mr. SPIVEY, requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the SPIVEY OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT III

**Individual Claim of Mr. SPIVEY, Pursuant to 42 U.S.C. § 1983, for Malicious Prosecution in Violation of the Fourth Amendment**

265.     Plaintiff, Mr. SPIVEY, realleges Paragraphs 1 through 127 and 244 through 249, as if fully set forth herein.

266.     Mr. SPIVEY was arrested a total of fourteen times from 2008 to 2013. In each instance, an original judicial proceeding against Mr. SPIVEY was commenced.

267.     Defendants, the SPIVEY ARRESTING OFFICERS, were each the legal cause of the original proceedings against Mr. SPIVEY at least once out of the fourteen times.

268.     The termination of six original proceedings against Mr. SPIVEY constituted a bona fide termination of that proceeding in favor of Mr. SPIVEY. Specifically, in six of the instances, the State Attorney's Office took "no action" or the Court dismissed the case against Mr. SPIVEY finding the arrests were made without probable cause.

269.     Defendants, the SPIVEY ARRESTING OFFICERS, operated with malice in arresting Mr. SPIVEY six times without probable cause. In all instances, the SPIVEY ARRESTING OFFICERS knew they lacked probable cause to arrest Mr. SPIVEY but, notwithstanding this knowledge, proceeded to arrest him each time.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

270.     Mr. SPIVEY suffered, and continues to suffer damages, as a result of the original proceedings. Mr. SPIVEY was incarcerated following his arrests and/or arraignments to await bond hearings and/or trial if he could not post his monetary bond and therefore was seized in violation of his Fourth Amendment Rights.

**WHEREFORE**, Mr. SPIVEY requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the SPIVEY ARRESTING OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT IV

### Individual State Law Claim of Mr. SPIVEY for Civil Battery

271.     This is a cause of action, under the common law of the State of Florida, for civil battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

272.     Plaintiff, Mr. SPIVEY, realleges Paragraphs 1 through 127 and 244 through 249, as if fully set forth herein.

273.     The conduct of the SPIVEY OFFICERS in illegally searching and arresting Mr. SPIVEY was intentional and intended to cause a harmful or offensive contact with the person of Mr. SPIVEY.

274.     The conduct of the SPIVEY OFFICERS was committed within the course and scope of their employment with MGPD.

275.     Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the batteries committed by the

53

SPIVEY OFFICERS upon the person of Mr. SPIVEY, in that the civil batteries were intentional and were committed within the course and scope of the SPIVEY OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

276.    In the alternative, the conduct of the SPIVEY OFFICERS was intentional, malicious, wanton and willful, or negligent, to the detriment of the health, safety, and welfare of Mr. SPIVEY.

277.    As a direct and proximate result of the batteries alleged above, Mr. SPIVEY suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. SPIVEY will suffer such losses in the future.

**WHEREFORE**, Mr. SPIVEY respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the SPIVEY OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT V

### Individual State Law Claim of Mr. SPIVEY for False Arrest

278.    This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

279.    Plaintiff, Mr. SPIVEY, realleges Paragraphs 1 through 127 and 244 through 249, as if fully set forth herein.

54

280.     The conduct of the SPIVEY ARRESTING OFFICERS was intentional, willful, wanton, and malicious, and/or negligent, and was committed within the course and scope of their employment with MGPD.

281.     Mr. SPIVEY was unlawfully detained and deprived of his liberty against his will when the SPIVEY ARRESTING OFFICERS arrested him six times without legal authority.

282.     The conduct of the SPIVEY ARRESTING OFFICERS constituted repeated false arrests of Mr. SPIVEY, as the arrests were made without probable cause or even arguable probable cause. Each arrest was unreasonable and unwarranted under the circumstances.

283.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the false arrests of Mr. SPIVEY in that the false arrests were intentional, willful, wanton, and malicious, and/or negligent, and was committed within the course and scope of the SPIVEY ARRESTING OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

284.     As a direct and proximate result of the false arrests alleged above, Mr. SPIVEY suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. SPIVEY will suffer such losses in the future.

**WHEREFORE**, Mr. SPIVEY respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the SPIVEY ARRESTING OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

55

## COUNT VI

### Individual State Law Claim of Mr. SPIVEY for Intentional
### Infliction of Emotional Distress

285.     This is an action, under the common law of the State of Florida, for intentional infliction of emotion distress. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

286.     Plaintiff, Mr. SPIVEY, realleges Paragraphs 1 through 127 and 244 through 249, as if fully set forth herein.

287.     The conduct of the SPIVEY OFFICERS in stopping, searching, seizing, and/or arresting Mr. SPIVEY at least fifty times, was intentional, negligent, or reckless and was committed within the course and scope of their employment with MGPD.

288.     The conduct was outrageous — going beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

289.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the infliction of intentional emotion distress upon Mr. SPIVEY in that the infliction of the intentional emotional distress was intentional, willful, wanton, and malicious and were committed within the course and scope of the SPIVEY OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

290.     The conduct caused, and continues to cause, severe emotional distress. Mr. Spivey is afraid to walk around his own neighborhood, afraid to go to work, and afraid to enjoy his life as a CITY resident.

56

**WHEREFORE**, Mr. SPIVEY respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the SPIVEY ARRESTING OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT VII

**Individual State Law Claim of Mr. SPIVEY for Malicious Prosecution**

291.    This is an action, under the common law of the State of Florida, for malicious prosecution.  Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

292.    Plaintiff, Mr. SPIVEY, realleges Paragraphs 1 through 127 and 244 through 249, as if fully set forth herein.

293.    Mr. SPIVEY was arrested a total of fourteen times from 2008 to 2013. In each instance, an original judicial proceeding against Mr. SPIVEY was commenced.

294.    The SPIVEY ARRESTING OFFICERS were each the legal cause of the original proceedings against Mr. SPIVEY at least once out of the fourteen times.

295.    The termination of the original proceedings against Mr. SPIVEY constituted a bona fide termination of that proceeding in favor of Mr. SPIVEY. Specifically, in six of the instances, the State Attorney's Office took "no action" against Mr. SPIVEY or the Court dismissed the charges, finding the arrests were made without probable cause.

57

296.    The SPIVEY ARRESTING OFFICERS operated with malice in arresting Mr. SPIVEY six times without probable cause. In all instances, the SPIVEY ARRESTING OFFICERS knew they lacked probable cause to arrest Mr. SPIVEY but, notwithstanding this knowledge, proceeded to arrest him each time.

297.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the malicious prosecution of Mr. SPIVEY in that the malicious prosecution was intentional, willful, wanton, and malicious, and/or negligent, and were committed within the course and scope of the SPIVEY ARRESTING OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

298.    Mr. SPIVEY suffered, and continues to suffer damages, as a result of the original proceedings. Mr. SPIVEY was incarcerated following his arrests and/or arraignment to await bond hearings and/or trial if he could not post his monetary bond.

WHEREFORE, Mr. SPIVEY respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the SPIVEY ARRESTING OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## SPECIFIC ALLEGATIONS AS TO ANTHONY LOWERY

299.    Mr. LOWERY is a forty-nine year old black male who has been a resident of the CITY for forty-two years.

58

300.     Over the course of approximately five years, spanning from 2008 to 2013, Mr. LOWERY was unlawfully stopped-and-frisked, searched, seized, and/or arrested without reasonable suspicion or arguable probable cause, at least nine times within the CITY and by MGPD officers.

301.     Out of the nine times Mr. LOWERY was stopped by MGPD officers, he was arrested five times. Out of the five arrests, all arrests resulted in no action being taken by the State Attorney's Office or were dismissed by the Court for lack of probable cause.

302.     The following named Defendants, all of whom were acting under color of authority, were involved in at least one of the nine stop-and-frisks, searches, seizures, and arrests, either directly or through tacit approval: the DUNASKE, JACOBS, KOLACKOVSKY, PALMER, PERDOMO, SAINT-LOUIS, WAGONER, and UNIDENTIFIED JOHN DOE OFFICERS. For purposes of consistency and clarity, the above-referenced officers will be collectively referred to as the "LOWERY OFFICERS".

303.     The following named Defendants, all of whom were acting under color of law, were involved in at least one of the five arrests: DUNASKE, JACOBS, PERDOMO, and UNIDENTIFIED JOHN DOE OFFICERS. For purposes of consistency and clarity, the above-referenced officer will be collectively referred to as the "LOWERY ARRESTING OFFICERS".

304.     The acts and omissions of the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, the LOWERY OFFICERS and the LOWERY ARRESTING OFFICERS constitute a continuing violation of Mr. LOWERY's constitutional rights.

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 • ph 954.369.1993 • f 888.315.6291
www.reyeslegal.com

## COUNT I

**Individual Claim of Mr. LOWERY, Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

305.     Plaintiff realleges Paragraphs 1 through 127 and 299 through 304, as if fully set forth herein.

306.     The conduct of the LOWERY OFFICERS, in stopping-and-frisking, searching, seizing, and/or arresting Mr. LOWERY approximately nine times in five years, was performed under color of law and without reasonable articulable suspicion and/or arguable probable cause. Moreover, each of these stop-and-frisks, searches, seizures, and/or arrests were performed on the basis of race and/or national origin.

307.     A reasonable officer would not have believed there was reasonable suspicion to stop-and-frisk and/or probable cause to arrest Mr. LOWERY in light of clearly established law and information possessed by Defendant officers at the time of the stop-and-frisks and/or arrests.

308.     As a direct and proximate result of such acts, the LOWERY OFFICERS, deprived Mr. LOWERY of his Fourth Amendment rights in violation of 42 U.S.C. § 1983.

309.     As a direct and proximate result of referenced constitutional abuses, Mr. LOWERY has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

310.     The acts of the LOWERY OFFICERS were intentional, deliberate, wanton, malicious, reckless, grossly negligent and oppressive, thus entitling Mr. LOWERY to an award of punitive damages.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

311.    Pursuant to 42 U.S.C. § 1988, Plaintiff, Mr. LOWERY, is entitled to a reasonable allowance for attorney fees as part of Plaintiff's costs.

**WHEREFORE**, Plaintiff, Mr. LOWERY, requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the LOWERY OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT II

### Individual Claim of Mr. LOWERY, Pursuant to 42 U.S.C § 1983, for Violation of the Equal Protection Clause of the Fourteenth Amendment

312.    Plaintiff, Mr. LOWERY, realleges Paragraphs 1 through 127 and 299 through 304, as if fully set forth herein.

313.    The LOWERY OFFICERS have implemented and enforced a policy, practice and/or custom of stopping-and-frisking, searching, seizing, and/or arresting Mr. LOWERY without reasonable articulable suspicion and/or probable cause and, instead, based solely on his race and/or national origin.

314.    There is direct, circumstantial, and/or statistical evidence that Mr. LOWERY was, and continues to be, a target of racial profiling by the LOWERY OFFICERS in this action.

315.    As a result, MGPD's policy, practice, and/or custom of stopping-and-frisking, searching, seizing, and arresting Mr. LOWERY without reasonable articulable suspicion and/or probable cause, the LOWERY OFFICERS intentionally discriminated against a member of a protected class.

61

316.   As a direct and proximate result of such acts, the LOWERY OFFICERS deprived Mr. LOWERY of his constitutionally protected rights under the Fourteenth Amendment.

317.   As a direct and proximate result of the referenced constitutional abuses, Mr. LOWERY has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

318.   The acts of the LOWERY OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. LOWERY to an award of punitive damages.

319.   The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline the LOWERY OFFICERS.

**WHEREFORE**, Plaintiff, Mr. LOWERY, requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the LOWERY OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT III

**Individual Claim of Mr. LOWERY, Pursuant to 42 U.S.C. § 1983, for Malicious Prosecution in Violation of the Fourth Amendment**

320.   Plaintiff, Mr. LOWERY, realleges Paragraphs 1 through 127 and 299 through 304, as if fully set forth herein.

321.   Mr. LOWERY was arrested a total of five times from 2008 to 2013. In each instance, an original judicial proceeding against Mr. LOWERY was commenced.

62

322.     The LOWERY ARRESTING OFFICERS were each the legal cause of the original proceedings against Mr. LOWERY at least once out of the five times.

323.     The termination all original proceedings against Mr. LOWERY constituted a bona fide termination of that proceeding in favor of Mr. LOWERY. Specifically, all five of the instances, either the State Attorney's Office took "no action" or the Court dismissed the case against Mr. LOWERY finding the arrests were made without probable cause.

324.     The LOWERY ARRESTING OFFICERS operated with malice in arresting Mr. LOWERY five times without probable cause. In all instances, the LOWERY ARRESTING OFFICERS knew they lacked probable cause and/or arguable probable cause to arrest Mr. LOWERY but, notwithstanding this knowledge, proceeded to arrest him each time.

325.     Mr. LOWERY suffered, and continues to suffer damages, as a result of the original proceedings. Mr. LOWERY was incarcerated following his arrests and/or arraignments to await bond hearings and/or trial if he could not post his monetary bond and therefore was seized in violation of his Fourth Amendment Rights.

**WHEREFORE**, Mr. LOWERY requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the LOWERY ARRESTING OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602  ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

## COUNT IV

### Individual State Law Claim of Mr. LOWERY for Civil Battery

326.    This is a cause of action, under the common law of the State of Florida, for civil battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

327.    Plaintiff, Mr. LOWERY, realleges Paragraphs 1 through 127 and 299 through 304, as if fully set forth herein.

328.    The conduct of the LOWERY OFFICERS in illegally searching and arresting Mr. LOWERY was intentional and intended to cause a harmful or offensive contact with the person of Mr. LOWERY.

329.    The conduct of the LOWERY OFFICERS was committed within the course and scope of their employment with MGPD.

330.    Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the batteries committed by the LOWERY OFFICERS upon the person of Mr. LOWERY, in that the civil batteries were intentional and were committed within the course and scope of the LOWERY OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

331.    In the alternative, the conduct of the LOWERY OFFICERS, were intentional, malicious, wanton and willful, and/or negligent, and to the detriment of the health, safety, and welfare of Mr. LOWERY.

332.    As a direct and proximate result of the batteries alleged above, Mr. LOWERY suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of

64

enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. LOWERY will suffer such losses in the future.

**WHEREFORE**, Mr. LOWERY respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the LOWERY OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

<u>COUNT V</u>

**Individual State Law Claim of Mr. LOWERY for False Arrest**

333.   This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

334.   Plaintiff, Mr. LOWERY, realleges Paragraphs 1 through 127 and 299 through 304, as if fully set forth herein.

335.   The conduct of the LOWERY ARRESTING OFFICERS was intentional, willful, wanton, and malicious and was committed within the course and scope of their employment with MGPD.

336.   Mr. LOWERY was unlawfully detained and deprived of his liberty against his will when the LOWERY ARRESTING OFFICERS arrested him five times without legal authority.

337.   The conduct of the LOWERY ARRESTING OFFICERS constituted repeated false arrests of Mr. LOWERY, as the arrests were made without probable cause or even

65

arguable probable cause. Each arrest was unreasonable and unwarranted under the circumstances.

338.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the false arrests of Mr. LOWERY in that the false arrests were intentional, willful, wanton, and malicious, and/or negligent, and were committed within the course and scope of the LOWERY ARRESTING OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

339.    As a direct and proximate result of the false arrests alleged above, Mr. LOWERY suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. LOWERY will suffer such losses in the future.

**WHEREFORE**, Mr. LOWERY respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the LOWERY ARRESTING OFFICERS together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

<u>**COUNT VI**</u>

**Individual State Law Claim of Mr. LOWERY for Intentional Infliction of Emotional Distress**

340.    This is an action, under the common law of the State of Florida, for intentional inflictions of emotion distress. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

341.    Plaintiff, Mr. LOWERY, realleges Paragraphs 1 through 127 and 299 through 304, as if fully set forth herein.

342.    The conduct of the LOWERY OFFICERS in stopping, searching, seizing, and/or arresting Mr. LOWERY nine times, was intentional, negligent, or reckless and was committed within the course and scope of their employment with MGPD.

343.    The conduct was outrageous — going beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

344.    Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the intentional inflictions of emotional distress committed by the LOWERY OFFICERS upon the person of Mr. LOWERY, in that intentional inflictions of emotional distress were intentional and were committed within the course and scope of the LOWERY OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

345.    The conduct caused, and continues to cause, severe emotional distress.  Mr. LOWERY is afraid to walk around his own neighborhood, afraid to go to work, and afraid to enjoy his life as a CITY resident.

**WHEREFORE**, Mr. LOWERY respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the LOWERY OFFICERS together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

## COUNT VII

### Individual State Law Claim of Mr. LOWERY for Malicious Prosecution

346.     This is an action, under the common law of the State of Florida, for malicious prosecution. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

347.     Plaintiff realleges Paragraphs 1 through 127 and 299 through 304, as if fully set forth herein.

348.     Mr. LOWERY was arrested a total of five times from 2008 to 2013. In each instance, an original judicial proceeding against Mr. LOWERY was commenced.

349.     The LOWERY ARRESTING OFFICERS were each the legal cause of the original proceedings against Mr. LOWERY at least once out of the five times.

350.     The termination of the original proceedings against Mr. LOWERY constituted a bona fide termination of that proceeding in favor of Mr. LOWERY. Specifically, all instances, either the State Attorney's Office took "no action" against Mr. LOWERY or the charges were dismissed by the Court, finding the arrests were made without probable cause.

351.     The LOWERY ARRESTING OFFICERS operated with malice in arresting Mr. LOWERY five times without probable cause. In all instances, the LOWERY ARRESTING OFFICERS knew they lacked probable cause to arrest Mr. LOWERY but, notwithstanding this knowledge, proceeded to arrest him each time.

352.     Mr. LOWERY suffered, and continues to suffer damages, as a result of the original proceedings.  Mr. LOWERY was incarcerated following his arraignments to await trial.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602  ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

**WHEREFORE**, Mr. LOWERY respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the LOWERY ARRESTING OFFICERS together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## SPECIFIC ALLEGATIONS AS TO FLOYD HALL, JR.

353.    Mr. HALL, JR. is a fifty-three year old black male who has been a resident of the CITY for forty-nine years.

354.    From 2008 to 2013, Mr. HALL, JR. was unlawfully stopped-and-frisked, searched, seized, and/or arrested without reasonable suspicion or arguable probable cause, approximately forty-six times within the CITY and by MGPD officers.

355.    Out of the approximately forty-six times Mr. HALL, JR. was stopped by MGPD officers, he was arrested fourteen times.  Out of the fourteen arrests, all resulted in either no action being taken by the State Attorney's Office or were dismissed by the Court for lack of probable cause.

356.    The following named Defendants, all of whom were acting under color of authority, were involved in at least one of the forty six stop-and-frisks, searches, seizures, and arrests, either directly or through tacit approval: CARPENTER, DUNASKE, HARRIS, PALMER, PERDOMO, PINKNEY, KOLACKOVSKY, JACKSON, EHRLICH, J. ROSADO, NARGISO, NORRIS, BAMFORD, ROVINELLI, SAINT-LOUIS, SANTIAGO, SHUMAN, TRIMINO, C. VELEZ, V. VELEZ, and UNIDENTIFIED JOHN DOE OFFICERS. For

69

purposes of clarity and consistency, the above-reference officers will be collectively referred to as the "HALL, JR. OFFICERS".

357.    The following named Defendants, all of whom were acting under the color of law, were involved in the at least one of the fourteen arrests: COLEMAN, HARRIS, JUDON, PALMER, PERDOMO, PINKNEY, KOLACKOVSKY, JACKSON, EHRLICH, J. ROSADO, NARGISO, NORRIS, BAMFORD, ROVINELLI, SAINT-LOUIS, SHUMAN, C. VELEZ, V. VELEZ, and UNIDENTIFIED JOHN DOE OFFICERS.   For purposes of consistency and clarity, the above-referenced officers will be collectively referred to as the "HALL, JR. ARRESTING OFFICERS".

358.    The acts and omissions of the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, the HALL, JR. OFFICERS and the HALL, JR. ARRESTING OFFICERS, constitute a continuing violation of Mr. HALL, JR.'s constitutional rights.

## COUNT I

**Individual Claim of Mr. HALL, JR., Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

359.    Plaintiff, Mr. HALL, JR., realleges paragraphs 1 through 127 and 353 through 358, as if fully set forth herein.

360.    The conduct of Defendants, the HALL, JR. OFFICERS in stopping-and-frisking, searching, seizing, and/or arresting Mr. HALL, JR. approximately forty-six times, was performed under color of law and without reasonable articulable suspicion and/or arguable

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

probable cause.  Moreover, each of these stop-and-frisks, searches, seizures, and/or arrests were performed on the basis of race and/or national origin.

361.    A reasonable officer would not have believed there was reasonable suspicion to stop-and-frisk and/or probable cause to arrest Mr. HALL, JR. in light of clearly established law and information possessed by Defendant officers at the time of the stop-and-frisks and/or arrests.

362.    As a direct and proximate result of such acts, Defendants, the HALL, JR. OFFICERS, deprived Mr. HALL, JR. of his Fourth Amendment rights in violation of 42 U.S.C. § 1983.

363.    As a direct and proximate result of referenced constitutional abuses, Mr. HALL, JR. has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

364.    The acts of Defendants, the HALL, JR. OFFICERS, were intentional, deliberate, wanton, malicious, reckless, grossly negligent, and oppressive, thus entitling Mr. HALL, JR. to an award of punitive damages.

365.    Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to a reasonable allowance for attorney fees as part of Plaintiff's costs.

**WHEREFORE**, Plaintiff Mr. HALL, JR. requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the HALL JR. OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

71

## COUNT II

**Individual Claim of Mr. HALL, Jr., Pursuant to 42 U.S.C § 1983, for Violation of the Equal Protection Clause of the Fourteenth Amendment**

366.    Plaintiff, Mr. HALL, JR., realleges paragraphs 1 through 127 and 353 through 358, as if fully set forth herein.

367.    Defendants have implemented and enforced a policy, practice and/or custom of stopping-and-frisking, searching, seizing, and/or arresting Mr. HALL, JR. without reasonable articulable suspicion and/or probable cause and, instead, based solely on his race and/or national origin.

368.    There is direct, circumstantial, and/or statistical evidence that Mr. HALL, JR. was, and continues to be, a target of racial profiling by Defendants in this action.

369.    As a result of MGPD's policy, practice, and/or custom of stopping-and-frisking, searching, seizing, and arresting Mr. HALL, JR. without reasonable articulable suspicion and/or probable cause, the HALL JR. OFFICERS intentionally discriminated against a member of a protected class.

370.    As a direct and proximate result of such acts, the HALL JR. OFFICERS deprived Mr. HALL JR. of his constitutionally protected rights under the Fourteenth Amendment.

371.    As a direct and proximate result of the referenced constitutional abuses, Mr. HALL JR. has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

372.    The acts of the HALL JR. OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. HALL JR. to an award of punitive damages.

373.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline the HALL JR. OFFICERS.

**WHEREFORE**, Plaintiff, Mr. HALL, JR., requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the HALL JR. OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT III

### Individual Claim of Mr. HALL, Jr., Pursuant to 42 U.S.C. § 1983, for Malicious Prosecution in Violation of the Fourth Amendment

374.    Plaintiff, Mr. HALL, JR.,  realleges paragraphs 1 through 127 and 353 through 358, as if fully set forth herein.

375.    Mr. HALL, JR. was arrested a total of fourteen times from 2008 to 2013.  In each instance, an original judicial proceeding against Mr. HALL, JR. was commenced.

376.    The HALL JR. ARRESTING OFFICERS were each the legal cause of the original proceedings against Mr. HALL, JR. at least once out of the fourteen times.

377.    The termination all original proceedings against Mr. HALL, JR. constituted a bona fide termination of that proceeding in favor of Mr. HALL, JR..  Specifically, in all

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

fourteen instances either the State Attorney's Office took "no action" or the Court dismissed the case against Mr. HALL, JR. finding the arrests were made without probable cause.

378.    The HALL JR. ARRESTING OFFICERS operated with malice in arresting Mr. HALL, JR. fourteen times without probable cause.    In every instance, the HALL JR. ARRESTING OFFICERS knew they lacked probable cause to arrest Mr. HALL, JR. but, notwithstanding this knowledge, proceeded to arrest him each time.

379.    Mr. HALL, JR. suffered, and continues to suffer damages, as a result of the original proceedings. Mr. HALL, JR. was incarcerated following his arrests and/or arraignments to await bond hearings and/or trial if he could not post his monetary bond and therefore seized in violation of his Fourth Amendment Rights.

**WHEREFORE**, Plaintiff, Mr. HALL, JR. requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the HALL JR. ARRESTING OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT IV

### Individual State Law Claim of Mr. HALL, JR. for Civil Battery

380.    This is a cause of action, under the common law of the State of Florida, for civil battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

381.    Plaintiff, Mr. HALL, JR., realleges paragraphs 1 through 127 and 353 through 358, as if fully set forth herein..

74

382.    The conduct of the HALL, JR. OFFICERS in illegally searching and arresting Mr. HALL, JR. was intentional, malicious, wanton and willful and intended to cause a harmful or offensive contact with the person of Mr. HALL, JR.

383.    The conduct of the HALL, JR. OFFICERS was committed within the course and scope of their employment with MGPD.

384.    Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the batteries committed by the HALL, JR. OFFICERS upon the person of Mr. HALL, JR. in that the civil batteries were intentional and were committed within the course and scope of the HALL JR. OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

385.    In the alternative, the conduct of the HALL, JR. OFFICERS was intentional, malicious, wanton and willful, or negligent, and to the detriment of the health, safety, and welfare of Mr. HALL, JR.

386.    As a direct and proximate result of the batteries alleged above, Mr. HALL, JR. suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. HALL, JR. will suffer such losses in the future.

**WHEREFORE**, Mr. HALL, JR. respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the HALL, JR. OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ ph 954.369.1993 ▪ f 888.315.6291
www.reyeslegal.com

## COUNT V

### Individual State Law Claim of Mr. HALL, Jr. for False Arrest

387.    This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

388.    Plaintiff, Mr. HALL, JR., realleges paragraphs 1 through 127 and 353 through 358, as if fully set forth herein.

389.    The conduct of the HALL, JR. ARRESTING OFFICERS was intentional, willful, wanton, and malicious and/or negligent, and was committed within the course and scope of their employment with MGPD.

390.    Mr. HALL, JR. was unlawfully detained and deprived of his liberty against his will when the HALL, JR. ARRESTING OFFICERS arrested him fourteen times without legal authority.

391.    The conduct of the HALL, JR. ARRESTING OFFICERS constituted repeated false arrests of Mr. HALL, JR., as the arrests were made without probable cause or even arguable probable cause. Each arrest was unreasonable and unwarranted under the circumstances.

392.    The conduct of the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the false arrests of Mr. HALL, JR. in that the false arrests were intentional, willful, wanton, and malicious, and/or negligent, and were committed within the course and scope of the HALL, JR. ARRESTING

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602  ▪  **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

OFFICERS' employment with MGPD, such that the doctrine of respondeat superior applies to this action.

393.    As a direct and proximate result of the false arrests alleged above, Mr. HALL, JR. suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. HALL, JR. will suffer such losses in the future.

**WHEREFORE**, Mr. HALL, JR. respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the HALL, JR. ARRESTING OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT VI

### Individual State Law Claim of Mr. HALL, JR. for Civil Theft

394.    Plaintiff, Mr. HALL, JR., realleges paragraphs 1 through 127 and 353 through 358, as if fully set forth herein.

395.    On Nov 15, 2013, Defendants DUNASKE and SANTIAGO and UNIDENTIFIED JOHN DOE OFFICERS, knowingly, wantonly, improperly, negligently, and illicitly took a Taser belonging to Mr. HALL, JR. with the intent to permanently deprive MR. HALL, JR. of his right to said property.

396.    At the time, Defendants DUNASKE, SANTIAGO and UNIDENTIFIED JOHN DOE OFFICERS, who were acting under color of authority, were engaging in a pattern of

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

illegal acts, which included, but were not limited to: false arrest, false imprisonment and unlawful search and seizure against and to the detriment of Mr. HALL, JR.

397.    The taking of Mr. HALL, JR.'s property constituted civil theft.

**WHEREFORE** Mr. HALL, JR. respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the HALL, JR. ARRESTING OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT VII

### Individual State Law Claim of Mr. HALL, JR. for Intentional Infliction of Emotional Distress

398.    This is an action, under the common law of the State of Florida, for intentional infliction of emotional distress. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

399.    Plaintiff, Mr. HALL, JR., realleges paragraphs 1 through 127 and 353 through 358, as if fully set forth herein

400.    The conduct of the HALL JR. OFFICERS in stopping, searching, seizing, and/or arresting Mr. HALL, JR. fourteen times, was intentional or reckless and was committed within the course and scope of their employment with MGPD.

401.    The conduct was outrageous — going beyond all bounds of decency and regarded as odious and utterly intolerable in civilized community.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

402.     Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the intentional inflictions of emotional distress committed by the HALL JR. OFFICERS upon the person of Mr. HALL, JR., in that intentional inflictions of emotional distress were intentional and were committed within the course and scope of the HALL JR. OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

403.     The conduct caused, and continues to cause, severe emotional distress. Mr. HALL, JR. is afraid to walk around his own neighborhood, afraid to go to work, and afraid to enjoy his life as a CITY resident.

**WHEREFORE**, Mr. HALL, JR. respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the HALL, JR. OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT VIII

### Individual State Law Claim of Mr. HALL, Jr. for Malicious Prosecution

404.     This is an action, under the common law of the State of Florida, for malicious prosecution. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

405.     Plaintiff, Mr. HALL, JR., realleges paragraphs 1 through 127 and 353 through 358, as if fully set forth herein.

79

406.     Mr. HALL, JR. was arrested a total of fourteen times from 2008 to 20fourteen. In each instance, an original judicial proceeding against Mr. HALL, JR. was commenced.

407.     The HALL, JR. ARRESTING OFFICERS were each the legal cause of the original proceedings against Mr. HALL, JR. at least once out of the fourteen times.

408.     The termination of the original proceedings against Mr. HALL, JR. constituted a bona fide termination of that proceeding in favor of Mr. HALL, JR. Specifically, in all fourteen instances, either the State Attorney's Office took "no action" against Mr. HALL, JR. or the Court dismissed the charges, finding the arrests were made without probable cause.

409.     The HALL, JR. ARRESTING OFFICERS operated with malice in arresting Mr. HALL, JR. fourteen without probable cause. In all instance, the HALL JR. ARRESTING OFFICERS knew they lacked probable cause to arrest Mr. HALL, JR. but, notwithstanding this knowledge, proceeded to arrest him each time.

410.     Mr. HALL, JR. suffered, and continues to suffer damages, as a result of the original proceedings. Mr. HALL, JR. was incarcerated following his arrests and/or arraignments to await bond hearings and/or trial if he could not post his monetary bond trial.

**WHEREFORE**, Mr. HALL, JR., respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the HALL JR. ARRESTING OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

## SPECIFIC ALLEGATIONS AS TO ROSS PICART

411.    Mr. PICART is a thirty-four year old black male. Mr. PICART has been an employee of the QUICKSTOP since 2005.

412.    On December 21, 2012, Mr. PICART was unlawfully stopped-and-frisked, searched, seized, and arrested approximately seven times without reasonable suspicion or arguable probable cause within the CITY and by DUNASKE, SANTIAGO, TRIMINO and/or UNIDENTIFIED JOHN DOES. The incident resulted in excessive use of force by MGPD officers.

413.    On December 21, 2012, Mr. PICART was working at the QUICKSTOP during his normal shift. Prior to closing the QUICKSTOP, Mr. PICART was approached by MGPD officers and asked to produce identification. Mr. PICART advised MGPD officers that he did not have identification but that he was an employee of the QUICKSTOP and could call the owner, Mr. SALEH, to verify his employment.

414.    Mr. PICART entered the QUICKSTOP and used his cellular phone to call the owner, Mr. SALEH. At that point, MGPD officers followed him behind the store counter, forcefully grabbed him by the arm, and escorted him outside of the premises.

415.    While outside the premises, Mr. PICART was unlawfully searched, without consent or probable cause, thrown to the ground, and placed under arrest.

416.    MGPD officers proceeded to unlawfully search the QUICKSTOP and found a firearm - owned by and registered to Mr. SALEH — under the counter and concealed from plain view. Mr. PICART was subsequently charged with possession of a concealed firearm

81

although MGPD officers knew it did not belong to him and had no basis to believe that Mr. PICART was even aware the firearm was there.

417. The following named Defendants, all of whom were acting under color of authority, were involved in the December 21, 2012 incident, either directly or through tacit approval: the, DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS.

418. The acts and omissions of the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, SANTIAGO TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, constitute a continuing violation of Mr. PICART's constitutional rights.

## COUNT I

**Individual Claim of Mr. PICART, Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

419. Plaintiff, Mr. PICART, realleges paragraphs 1 through 127 and 411 through 418, as if fully set forth herein.

420. The conduct of Defendants, DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, in stopping-and-frisking, searching, seizing, and/or arresting Mr. PICART was performed under color of law and without reasonable articulable suspicion and/or arguable probable cause.  Moreover, the stop-and-frisk, search, seizure, and/or arrests were performed on the basis of race and/or national origin.

421. A reasonable officer would not have believed there was reasonable suspicion to stop-and-frisk and/or probable cause to arrest Mr. PICART in light of clearly established law

82

and information possessed by DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS at the time of the stop-and-frisks and/or arrests.

422.     As a direct and proximate result of such acts, Defendants, DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS, deprived Mr. HALL, JR. of his Fourth Amendment rights in violation of 42 U.S.C. § 1983.

423.     As a direct and proximate result of referenced constitutional abuses, Mr. PICART has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

424.     The acts of Defendants, DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS were intentional, deliberate, wanton, malicious, reckless, grossly negligent, and oppressive, thus entitling Mr. PICART. to an award of punitive damages.

425.     Pursuant to 42 U.S.C. § 1988, Plaintiff, Mr. PICART is entitled to a reasonable allowance for attorney fees as part of Plaintiff's costs.

**WHEREFORE**, Plaintiff, Mr. PICART, requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

## COUNT II

**Individual Claim of Mr. PICART, Pursuant to 42 U.S.C § 1983, for Violation of the Equal Protection Clause of the Fourteenth Amendment**

426.     Plaintiff, Mr. PICART, realleges paragraphs 1 through 127 and 411 through 418 as if fully set forth herein.

427.     DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS have implemented and enforced a policy, practice and/or custom of stopping-and-frisking, searching, seizing, and/or arresting Mr. PICART without reasonable articulable suspicion and/or arguable probable cause and, instead, based solely on his race and/or national origin.

428.     There is direct, circumstantial, and/or statistical evidence that Mr. PICART was, and continues to be, a target of racial profiling by the DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS in this action.

429.     As a result of MGPD's policy, practice, and/or custom (specifically, the Racial Targeting Policy) of stopping-and-frisking, searching, seizing, and arresting Mr. PICART without reasonable articulable suspicion and/or probable cause DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS intentionally discriminated against a member of a protected class.

430.     As a direct and proximate result of such acts, DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS deprived Mr. PICART of his constitutionally protected rights under the Fourteenth Amendment.

84

Case 1:13-cv-24312-DLG   Document 1   Entered on FLSD Docket 11/27/2013   Page 85 of 144

431.    As a direct and proximate result of the referenced constitutional abuses, Mr. PICART has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

432.    The acts of the DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. PICART to an award of punitive damages.

433.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS

**WHEREFORE**, Mr. PICART requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT III

**Individual Claim of Mr. PICART, Pursuant to 42 U.S.C. § 1983, for Malicious Prosecution in Violation of the Fourth Amendment**

434.    Plaintiff, Mr. PICART, realleges paragraphs 1 through 127 and 411 through 418, as if fully set forth herein.

435.    The unlawful arrest which took place on December 21, 2012 resulted in the commencement of an original judicial proceeding against Mr. PICART.

85

436.    DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS were all the legal cause of the original proceedings against Mr. PICART.

437.    The termination of the original proceeding against Mr. PICART constituted a bona fide termination of that proceeding in favor of Mr. PICART. Specifically, the State Attorney's Office took "no action" against Mr. PICART finding the arrest was made without probable cause.

438.    Defendants, DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS, operated with malice in arresting Mr. PICART without probable cause. DUNASKE, SANTIAGO, TRIMINO and/or UNIDENTIFIED JOHN DOE OFFICERS knew they lacked probable cause to arrest Mr. PICART but, notwithstanding this knowledge, proceeded to arrest him each time.

439.    Mr. PICART suffered, and continues to suffer damages, as a result of the original proceedings. Mr. PICART was incarcerated and eventually had to seek legal counsel to prevent him from being charged with the crimes improperly begun and facilitated against him by DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS.

**WHEREFORE**, Mr. PICART requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

86

## COUNT IV

**Individual Claim of Mr. PICART, Pursuant to 42 U.S.C. § 1983, for Excessive Use of Force in Violation of the Fourth Amendment**

440.　Plaintiff, Mr. PICART, realleges paragraphs 1 through 127 and 411 through 418, as if fully set forth herein.

441.　On December 21, 2012, Mr. PICART was working at the QUICKSTOP during his normal shift. Mr. PICART was not engaged in any criminal activity.

442.　Mr. PICART entered the QUICKSTOP and attempted to use his cellular phone to call the owner, Mr. SALEH. At that point, DUNASKE followed him behind the store counter, forcefully grabbed him by the arm, and escorted him out of the premises.

443.　Mr. PICART did not actively resist arrest or attempt to evade arrest by fighting. Notwithstanding Mr. PICART's cooperation, he was unlawfully searched, without consent or reasonable articulable suspicion, violently thrown to the ground, and placed under arrest.

444.　Mr. PICART did not pose any immediate threat to the safety of the officers or others.

445.　The use of force was unreasonable and negligent under the circumstances resulting in multiple injuries to Mr. PICART and violation of his rights under the Fourth Amendment.

446.　The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline DUNASKE, SANTIAGO, TRIMINO and/or UNIDENTIFIED JOHN DOE OFFICERS.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

**WHEREFORE**, Plaintiff requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT V

### Individual Claim of Mr. PICART, Pursuant to 42 U.S.C. § 1983, for Second Excessive Use of Force in Violation of the Fourteenth Amendment

447.     Plaintiff, Mr. PICART, realleges paragraphs 1 through 127 and 411 through 418, as if fully set forth herein.

448.     On December 21, 2012, Mr. PICART was working at the QUICKSTOP during his normal shift. Prior to closing the QUICKSTOP, Mr. PICART was approached by DUNASKE and asked to produce identification. Mr. PICART advised DUNASKE that he did not have identification but that he was an employee of the QUICKSTOP and could call the owner, Mr. SALEH, to verify his employment.

449.     Mr. PICART entered the QUICKSTOP and used his cellular phone to call the owner, Mr. SALEH. At that point, DUNASKE followed him behind the store counter, forcefully grabbed him by the arm, and escorted him out of the premises.

450.     While outside the premises, Mr. PICART was unlawfully searched, without consent or reasonable articulable suspicion, thrown to the ground, and placed under arrest.

451.     The use of force was malicious and grossly negligent under the circumstances resulting in multiple injuries to Mr. PICART. Specifically, Mr. PICART suffered severe

88

lacerations on his back. This malicious application of force resulted in a substantive due process violation under the Fourteenth Amendment — the right to be free from excessive force during an arrest.

452.     The  CITY,  MAYOR  GILBERT,  FORMER  MAYOR  GIBSON,  CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline DUNASKE, SANTIAGO, TRIMINO and/or UNIDENTIFIED JOHN DOE OFFICERS.

**WHEREFORE**, Plaintiff, Mr. PICART, requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE,  SANTIAGO,  TRIMINO,  and  UNIDENTIFIED  JOHN  DOE  OFFICERS,  for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT VI

### Individual State Law Claim of Mr. PICART for Civil Battery

453.     This is a cause of action, under the common law of the State of Florida, for civil battery. Such claim arises from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

454.     Plaintiff, Mr. PICART, realleges paragraphs 1 through 127 and 411 through 418, as if fully set forth herein.

455.     The  conduct  of  DUNASKE,  SANTIAGO,  TRIMINO  and  UNIDENTIFIED JOHN  DOE  OFFICERS  in  illegally  searching  and  arresting  Mr.  PICART  was  intentional,

89

malicious, wanton and willful and intended to cause a harmful or offensive contact with the person of Mr. PICART.

456.   The conduct of DUNASKE, SANTIAGO, TRIMINO and UNIDENTIFIED JOHN DOE OFFICERS was committed within the course and scope of their employment with MGPD.

457.   Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the battery committed by DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS upon the person of Mr. PICART, in that the civil battery was intentional and was committed within the course and scope of DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

458.   In the alternative, the conduct of DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS was intentional, malicious, wanton and willful, or negligent, and to the detriment of the health, safety, and welfare of Mr. PICART.

459.   As a direct and proximate result of the battery alleged above, Mr. PICART suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. PICART will suffer such losses in the future.

**WHEREFORE**, Mr. PICART respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, SANTIAGO, TRIMINO, and

90

UNIDENTIFIED JOHN DOE OFFICERS together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

<u>COUNT VII</u>

**Individual State Law Claim of Mr. PICART for False Arrest**

460.    This is an action, under the common law of the State of Florida, for false arrest. Such claim arises from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

461.    Plaintiff, Mr. PICART, realleges paragraphs 1 through 127 and 411 through 418, as if fully set forth herein.

462.    The conduct of DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS was intentional, willful, wanton, and malicious, and/or negligent, and was committed within the course and scope of their employment with MGPD.

463.    Mr. PICART was unlawfully detained and deprived of his liberty against his will when DUNASKE, SANTIAGO, TRIMINO and UNIDENTIFIED JOHN DOE OFFICERS arrested him without legal authority.

464.    The conduct of DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS constituted a false arrest of Mr. PICART, as the arrest was made without probable cause or even arguable probable cause.

465.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD are responsible for the false arrest of Mr. PICART in that the false arrest was intentional, willful, wanton, and malicious and was committed within the course and scope of DUNASKE, SANTIAGO, TRIMINO, and UNIDENTIFIED JOHN

91

DOE OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

466.    As a direct and proximate result of the false arrests alleged above, Mr. PICART suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. PICART will suffer such losses in the future.

467.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline DUNASKE, SANTIAGO, TRIMINO and/or UNIDENTIFIED JOHN DOES.

**WHEREFORE**, Mr. PICART respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT VIII

### Individual State Law Claim of Mr. PICART for Intentional Infliction of Emotional Distress

468.    This is an action, under the common law of the State of Florida, for intentional infliction of emotion distress. Such claim arises from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

92

469.    Plaintiff, Mr. PICART, realleges paragraphs 1 through 127 and 411 through 418, as if fully set forth herein.

470.    The conduct of DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS in stopping, searching, seizing, and/or arresting Mr. PICART, was intentional, negligent, or reckless and was committed within the course and scope of their employment with MGPD.

471.    The conduct was outrageous — going beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

472.    Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD, are responsible for the intentional inflictions of emotional distress committed by DUNASKE, SANTIAGO, TRIMINO and/or UNIDENTIFIED JOHN DOE OFFICERS  upon the person of Mr. PICART, in that intentional inflictions of emotional distress were intentional and were committed within the course and scope of DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

473.    The conduct caused, and continues to cause, severe emotional distress. Mr. PICART is afraid to walk around his own neighborhood, afraid to go to work, and afraid to enjoy his life as a CITY resident.

474.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline DUNASKE, SANTIAGO, TRIMINO and/or UNIDENTIFIED JOHN DOE OFFICERS.

93

**WHEREFORE**, Mr. PICART respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, SANTIAGO, TRIMINO and/or UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT IX

### Individual State Law Claim of Mr. PICART for Malicious Prosecution

475.    This is an action, under the common law of the State of Florida, for malicious prosecution.  Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

476.    Plaintiff, Mr. PICART, realleges Paragraphs 1 through 127 and 411 through 418, as if fully set forth herein.

477.    The unlawful arrest which took place on December 21, 2012 resulted in the commencement of an original judicial proceeding against Mr. PICART.

478.    DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS were all the legal cause of the original proceedings against MR. PICART.

479.    The termination of the original proceeding against Mr. PICART constituted a bona fide termination of that proceeding in favor of Mr. PICART. Specifically, the State Attorney's Office took "no action" against Mr. PICART finding the arrest was made without probable cause.

480.    Defendants, DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS, operated with malice in arresting Mr. PICART without probable

94

cause. DUNASKE, SANTIAGO, TRIMINO and/or UNIDENTIFIED JOHN DOE OFFICERS knew they lacked probable cause to arrest Mr. PICART but, notwithstanding this knowledge, proceeded to arrest him each time.

481.     Mr. PICART suffered, and continues to suffer damages, as a result of the original proceedings. Mr. PICART was incarcerated and eventually had to seek legal counsel to prevent him from being charged with the crimes improperly begun and facilitated against him by DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS.

482.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the malicious prosecution of Mr. PICART in that the malicious prosecution was intentional, willful, wanton, and malicious, and/or negligent, and were committed within the course and scope of the PICART ARRESTING OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

**WHEREFORE**, Mr. PICART respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD DUNASKE, SANTIAGO, TRIMINO, and/or UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## <u>SPECIFIC ALLEGATIONS AS TO RODERICK DEWAYNE SMITH</u>

483.     Mr. SMITH is a twenty-six old black male who has been a resident of the CITY for his entire life.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

484.     On February 7, 2013, Mr. SMITH was unlawfully stopped-and-frisked, searched, seized, and arrested without reasonable suspicion or arguable probable cause within the CITY and by MGPD officers. The incident with MGPD officers resulted in an excessive use of force.

485.     Mr. SMITH was on the QUICKSTOP property drinking an allegedly alcoholic beverage. He was approached by MGPD officers who asked for his identification and poured out the contents of the beverage. Simultaneously, MGPD officers performed a full search of Mr. SMITH'S person without consent and without reasonable articulable suspicion or probable cause.

486.     After the unlawful search, Mr. SMITH was released, at which time he attempted to walk into the QUICKSTOP to purchase water. MGPD officers instructed him not to enter the QUICKSTOP – which was open to the public at the time.  MGPD officers again requested Mr. SMITH's identification and when he asked "why?" he was thrown, head-first, into a steel door, handcuffed, picked up, and thrown against the police car.

487.     After several minutes of physical detainment, he was released and issued a Promise to Appear for possession of an open container. Subsequent to the arrest, MGPD officers failed to complete a Use of Force Report as required by MGPD policy and Florida law.

488.     The Court subsequently dismissed the open container charge.

489.     The following named Defendants, all of whom were acting under color of authority, were involved at least one of the seven stop-and-frisks, searches, seizures, and arrests, either directly or through tacit approval: RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS.

96

490.    The acts and omissions of the CITY, MAYOR GILBERT, CITY MANAGER CREW, CHIEF BOYD, RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS, constitute a continuing violation of MR. SMITH's constitutional rights.

## COUNT I

**Individual Claim of Mr. SMITH, Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

491.    Plaintiff, Mr. SMITH, realleges paragraphs 1 through 127 and 483 through 490, as if fully set forth herein.

492.    The conduct of Defendants, RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS, in stopping-and-frisking, searching, seizing, and/or arresting Mr. SMITH on seven separate instances, including February 7, 2013, was performed under color of law and without reasonable articulable suspicion and/or arguable probable. Moreover, the stop-and-frisk, search, seizure, and/or arrest were performed on the basis of race and/or national origin.

493.    A reasonable officer would not have believed there was reasonable suspicion to stop-and-frisk and/or probable cause to arrest Mr. SMITH in light of clearly established law and the information possessed by Defendants, RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS, at the time of the incidents.

494.    As a direct and proximate result of such acts, Defendants, RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and

97

UNIDENTIFIED JOHN DOE OFFICERS, deprived Mr. SMITH of his Fourth Amendment rights in violation of 42 U.S.C. § 1983.

495.    As a direct and proximate result of the referenced constitutional abuses, Mr. SMITH has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

496.    The acts of Defendants, RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS, were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. SMITH to an award of punitive damages.

497.    Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to a reasonable allowance for attorney fees as part of Plaintiff's costs.

498.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS.

**WHEREFORE**, Mr. SMITH requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

## COUNT II

**Individual Claim of Mr. SMITH, Pursuant to 42 U.S.C § 1983, for Violation of the Equal Protection Clause of the Fourteenth Amendment**

499.     Plaintiff, Mr. SMITH, realleges paragraphs 1 through 127 and 483 through 490as if fully set forth herein.

500.     RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS have implemented and enforced a policy, practice and/or custom of stopping-and-frisking, searching, seizing, and/or arresting Mr. SMITH without reasonable articulable suspicion and/or arguable probable cause and, instead, based solely on his race and/or national origin.

501.     There is direct, circumstantial, and/or statistical evidence that Mr. SMITH was, and continues to be, a target of racial profiling by RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS in this action.

502.     As a result of MGPD's policy, practice, and/or custom (specifically, the Racial Targeting Policy) of stopping-and-frisking, searching, seizing, and arresting Mr. SMITH without reasonable articulable suspicion and/or probable cause RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS intentionally discriminated against a member of a protected class.

503.     As a direct and proximate result of such acts, RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

2517970594f0fc41

DOE OFFICERS deprived Mr. SMITH of his constitutionally protected rights under the Fourteenth Amendment.

504.    As a direct and proximate result of the referenced constitutional abuses, Mr. SMITH has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

505.    The acts of RUIZ, TAMAYO, and UNIDENTIFIED JOHN DOE OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. SMITH to an award of punitive damages.

506.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS.

**WHEREFORE**, Mr. SMITH requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602  ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

## COUNT III

**Individual Claim of Mr. SMITH, Pursuant to 42 U.S.C. § 1983, for Malicious Prosecution in Violation of the Fourth Amendment**

507.    Plaintiff, Mr. SMITH, realleges paragraphs 1 through 127 and 483 through 490, as if fully set forth herein.

508.    The unlawful arrest which took place on February 7, 2013 resulted in the commencement of an original judicial proceeding against Mr. SMITH.

509.    RUIZ, TAMAYO and/or UNIDENTIFIED JOHN DOES were all the legal cause of the original proceeding against MR. SMITH.

510.    The termination of the original proceeding against Mr. SMITH constituted a bona fide termination of that proceeding in favor of Mr. SMITH. Specifically, the Court dismissed the charges, finding the arrest was made without probable cause.

511.    RUIZ, TAMAYO and UNIDENTIFIED JOHN DOE OFFICERS operated with malice in arresting Mr. SMITH without probable cause. Defendants RUIZ, TAMAYO, and UNIDENTIFIED JOHN DOE OFFICERS, knew they lacked probable cause to arrest Mr. SMITH but, notwithstanding this knowledge, proceeded to nevertheless arrest him.

512.    Mr. SMITH suffered, and continues to suffer damages, as a result of the original proceedings. Mr. SMITH was arrested, to await bond hearings and/or arraignment and was therefore seized in violation of his Fourth Amendment Rights.

513.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned,

101

encouraged and/or failed to supervise and discipline RUIZ, TAMAYO, and UNIDENTIFIED JOHN DOE OFFICERS.

WHEREFORE, Mr. SMITH requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, RUIZ, TAMAYO, and UNIDENTIFIED JOHN DOE OFFICERS for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT IV

### Individual Claim of Mr. SMITH, Pursuant to 42 U.S.C. § 1983, for Excessive Use of Force in Violation of the Fourth Amendment

514.    Plaintiff, Mr. SMITH, realleges paragraphs 1 through 127 and 483 through 490, as if fully set forth herein.

515.    On February 7, 2013, Mr. SMITH was unlawfully stopped-and-frisked, searched, seized, and arrested without reasonable suspicion or arguable probable cause within the CITY and by RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOE OFFICERS.

516.    The incident with RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOE OFFICERS resulted in an excessive use of force.

517.    Mr. SMITH was on the QUICKSTOP property drinking an allegedly alcoholic beverage. He was approached by RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOE OFFICERS who asked for his identification and poured out the contents of the beverage. Simultaneously, RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOE OFFICERS

102

performed a full search of Mr. SMITH'S person without consent and without reasonable articulable suspicion or probable cause.

518.    After the unlawful search, Mr. SMITH was released at which time he attempted to walk into the QUICKSTOP to purchase water. RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOE OFFICERS instructed him not to enter the QUICKSTOP – which was open to the public at the time. RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOE OFFICERS again requested Mr. SMITH's identification and when he asked "why?" he was thrown, head-first, into a steel door, handcuffed, picked up, and thrown against the police car.

519.    After several minutes of physical detainment, he was released and issued a Promise to Appear for possession of an open container. Subsequent to the arrest, RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOE OFFICERS failed to complete a Use of Force Report as required by MGPD policy and Florida law.

520.    The use of force was unreasonable and negligent under the circumstances resulting in multiple injuries to Mr. SMITH and violation of his rights under the Fourth Amendment.

521.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOE OFFICERS .

**WHEREFORE**, Mr. SMITH requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOE OFFICERS for compensatory damages,

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT V

### Individual State Law Claim of Mr. SMITH for Civil Battery

522.    This is a cause of action, under the common law of the State of Florida, for civil battery. Such claim arises from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

523.    Plaintiff, Mr. SMITH, realleges paragraphs 1 through 127 and 483 through 490, as if fully set forth herein.

524.    The conduct of RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS in illegally searching and arresting Mr. SMITH was intentional, malicious, wanton and willful, and/or negligent, and intended to cause a harmful or offensive contact with the person of Mr. SMITH.

525.    The conduct of RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS was committed within the course and scope of their employment with MGPD.

526.    Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the battery committed by RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS upon the person of Mr. SMITH, in that the civil battery was intentional and was committed within the course and scope of RUIZ, TAMAYO,

104

MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

527.   As a direct and proximate result of the battery alleged above, Mr. SMITH suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money.  These injuries and losses are permanent and continuing, and Mr. SMITH will suffer such losses in the future.

528.   The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS.

**WHEREFORE**, Mr. SMITH respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

## COUNT VI

### Individual State Law Claim of Mr. SMITH for False Arrest

529.    This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

530.    Plaintiff, Mr. SMITH, realleges paragraphs 1 through 127 and 483 through 490, as if fully set forth herein.

531.    The conduct of RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOES was intentional, willful, wanton, and malicious, and/or negligent, and was committed within the course and scope of their employment with MGPD.

532.    Mr. SMITH was unlawfully detained and deprived of his liberty against his will when RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOES arrested him without legal authority.

533.    The conduct of RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOES constituted false arrests of Mr. SMITH, as the arrest was made without probable cause or even arguable probable cause.

534.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD are responsible for the false arrest of Mr. SMITH in that the false arrest was intentional, willful, wanton, and malicious, and/or negligent, and was committed within the course and scope of RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOES employment with MGPD, such that the doctrine of respondeat superior applies to this action.

106

535.     As a direct and proximate result of the false arrests alleged above, Mr. SMITH suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. SMITH will suffer such losses in the future.

**WHEREFORE**, Mr. SMITH respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOES, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT VII

### Individual State Law Claim of Mr. SMITH for Intentional Infliction of Emotional Distress

536.     This is an action, under the common law of the State of Florida, for intentional infliction of emotional distress. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

537.     Plaintiff, Mr. SMITH, realleges paragraphs 1 through 127 and 483 through 490, as if fully set forth herein.

538.     The conduct of RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS in stopping, searching, seizing, and/or arresting Mr. SMITH as well as using unjustified force upon him, was intentional, negligent, or reckless and was committed within the course and scope of their employment with MGPD.

107

539.    The conduct was outrageous — going beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

540.    The conduct caused, and continues to cause, severe emotional distress.  Mr. SMITH is afraid to walk around his own neighborhood, afraid to go to the store, and afraid to enjoy his life as a CITY resident.

541.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS

**WHEREFORE**, Mr. SMITH respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, RUIZ, TAMAYO, MALONE, BAMFORD, HARRIS, SANTIAGO, PINKNEY, ROVINELLI, and UNIDENTIFIED JOHN DOE OFFICERS together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT VIII

### Individual State Law Claim of Mr. SMITH for Malicious Prosecution

542.    This is an action, under the common law of the State of Florida, for malicious prosecution. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

543.     Plaintiff, Mr. SMITH, realleges paragraphs 1 through 127 and 483 through 490, as if fully set forth herein.

544.     The unlawful arrest which took place on February 7, 2013 resulted in the commencement of an original judicial proceeding against Mr. SMITH.

545.     RUIZ, TAMAYO and/or UNIDENTIFIED JOHN DOES were all the legal cause of the original proceeding against Mr. SMITH.

546.     The termination of the original proceeding against Mr. SMITH constituted a bona fide termination of that proceeding in favor of Mr. SMITH. Specifically, the Court dismissed the charges, finding the arrest was made without probable cause.

547.     RUIZ, TAMAYO, and/or UNIDENTIFIED JOHN DOES operated with malice in arresting Mr. SMITH without probable cause. Defendants knew they lacked probable cause to arrest Mr. SMITH but, notwithstanding this knowledge, proceeded to nevertheless arrest him.

548.     Mr. SMITH suffered, and continues to suffer damages, as a result of the original proceedings. Mr. SMITH was incarcerated following his arrest and/or arraignments to await bond hearings and/or trial.

549.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline RUIZ, TAMAYO ,and/or UNIDENTIFIED JOHN DOES.

**WHEREFORE**, Mr. SMITH respectfully requests compensatory damages and punitive damages against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, RUIZ, TAMAYO, and/or

109

UNIDENTIFIED JOHN DOES, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## SPECIFIC ALLEGATIONS AS TO KENNETH CRANE

550.    Mr. CRANE is a forty six year old black male who has resided in the CITY for his entire life.

551.    Mr. CRANE was unlawfully stopped-and-frisked, searched, seized, and/or arrested without reasonable suspicion or arguable probable cause within the CITY by MGPD officers.

552.    On November 23, 2012, Mr. CRANE was riding his bicycle to the QUICKSTOP when he was stopped without reasonable suspicion, and subsequently searched and arrested without probable cause by MGPD officers.

553.    The following named Defendants, all of whom were acting under color of authority, were involved in the November 23, 2012 search, seizure, and arrest, either directly or through tacit approval: the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS. The acts and omissions of the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, TRIMINO, SANTIAGO, and UNIDENTIFIED JOHN DOE OFFICERS, constitute a continuing violation of Mr. CRANE's constitutional rights.

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ ph 954.369.1993 ▪ f 888.315.6291
www.reyeslegal.com

## COUNT I

**Individual Claim of Mr. CRANE, Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

554.    Plaintiff, Mr. CRANE, realleges paragraphs 1 through 127 and 550 through 553, as if fully set forth herein.

555.    The conduct of Defendants, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, in stopping-and-frisking, searching, seizing, and/or arresting Mr. CRANE on November 23, 2012, was performed under color of law and without reasonable articulable suspicion and/or arguable probable cause. Moreover, the stop-and-frisk, search, seizure, and/or arrest were performed on the basis of race and/or national origin.

556.    A reasonable officer would not have believed there was reasonable suspicion to stop-and-frisk and/or probable cause to arrest Mr. CRANE in light of clearly established law and the information possessed by Defendant officers at the time of the incidents.

557.    As a direct and proximate result of such acts, Defendants, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, deprived Mr. CRANE of his Fourth Amendment rights in violation of 42 U.S.C. § 1983.

558.    As a direct and proximate result of the referenced constitutional abuses, Mr. CRANE has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

559.    The acts of Defendants, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. CRANE to an award of punitive damages.

111

560.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS.

561.    Pursuant to 42 U.S.C. § 1988, Plaintiff, Mr. CRANE, is entitled to a reasonable allowance for attorney fees as part of Plaintiff's costs.

**WHEREFORE**, Mr. CRANE requests judgment against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT II

### Individual Claim of Mr. CRANE, Pursuant to 42 U.S.C § 1983, for Violation of the Equal Protection Clause of the Fourteenth Amendment

562.    Plaintiff, Mr. CRANE, realleges paragraphs 1 through 127 and 550 through 553 as if fully set forth herein.

563.    DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS have implemented and enforced a policy, practice and/or custom of stopping-and-frisking, searching, seizing, and/or arresting Mr. CRANE without reasonable articulable suspicion and/or arguable probable cause and, instead, based solely on his race and/or national origin.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

564.    There is direct, circumstantial, and/or statistical evidence that Mr. CRANE was, and continues to be, a target of racial profiling by DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS in this action.

565.    As a result of MGPD's policy, practice, and/or custom (specifically, the Racial Targeting Policy) of stopping-and-frisking, searching, seizing, and arresting Mr. CRANE without reasonable articulable suspicion and/or probable cause DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS intentionally discriminated against a member of a protected class.

566.    As a direct and proximate result of such acts, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS deprived Mr. CRANE of his constitutionally protected rights under the Fourteenth Amendment.

567.    As a direct and proximate result of the referenced constitutional abuses, Mr. SAMPSON has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

568.    The acts of DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. CRANE to an award of punitive damages.

569.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline the DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ ph 954.369.1993 ▪ f 888.315.6291
www.reyeslegal.com

**WHEREFORE**, Mr. CRANE requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT III

**Individual Claim of Mr. CRANE, Pursuant to 42 U.S.C. § 1983, for Malicious Prosecution in Violation of the Fourth Amendment**

570.    Plaintiff, Mr. CRANE, realleges paragraphs 1 through 127 and 550 through 553, as if fully set forth herein.

571.    The unlawful arrest which took place on November 23, 2012 resulted in the commencement of an original judicial proceeding against Mr. CRANE.

572.    DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, were all the legal cause of the original proceeding against MR. CRANE.

573.    The termination of the original proceeding against Mr. CRANE constituted a bona fide termination of that proceeding in favor of Mr. CRANE. Specifically, the State Attorney's Office took "no action" against Mr. CRANE.

574.    DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, operated with malice in arresting Mr. CRANE without probable cause. Defendants knew they lacked probable cause to arrest Mr. CRANE but, notwithstanding this knowledge, proceeded to nevertheless arrest him.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

575.     Mr. CRANE suffered, and continues to suffer damages, as a result of the original proceedings. Mr. CRANE was incarcerated prior to his arraignment to await trial and therefore seized in violation of his Fourth Amendment Rights.

**WHEREFORE**, Mr. CRANE requests judgment against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CHIEF BOYD, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT IV

### Individual State Law Claim of Mr. CRANE for Civil Battery

576.     This is a cause of action, under the common law of the State of Florida, for civil battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

577.     Plaintiff, Mr. CRANE, realleges paragraphs 1 through 127 and 550 through 553, as if fully set forth herein.

578.     The conduct of DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, in illegally searching and arresting Mr. CRANE was intentional, malicious, wanton and willful, and/or negligent, and intended to cause a harmful or offensive contact with the person of Mr. CRANE.

579.     The conduct of DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, was committed within the course and scope of their employment with MGPD.

115

580.    Defendants, the CITY, MAYOR GILBERT, CITY MANAGER CREW and CHIEF BOYD, are responsible for the battery committed by DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, upon the person of Mr. CRANE, in that the civil battery was intentional and was committed within the course and scope of DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, employment with MGPD, such that the doctrine of respondeat superior applies to this action.

581.    As a direct and proximate result of the battery alleged above, Mr. CRANE suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. CRANE will suffer such losses in the future.

**WHEREFORE**, Mr. CRANE respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CHIEF BOYD, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT V

### Individual State Law Claim of Mr. CRANE for False Arrest

582.    This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

116

583.    Plaintiff, Mr. CRANE, realleges paragraphs 1 through 127 and 550 through 553, as if fully set forth herein.

584.    The conduct of DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, was intentional, willful, wanton, and malicious, and/or negligent, and was committed within the course and scope of their employment with MGPD.

585.    Mr. CRANE was unlawfully detained and deprived of his liberty against his will when DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, arrested him without legal authority.

586.    The conduct of DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, constituted false arrest of Mr. CRANE, as the arrest was made without probable cause or even arguable probable cause. The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the false arrest of Mr. CRANE in that the false arrest was intentional, willful, wanton, and malicious, and/or negligent, and was committed within the course and scope of DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, employment with MGPD, such that the doctrine of respondeat superior applies to this action.

587.    As a direct and proximate result of the false arrests alleged above, Mr. CRANE suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. CRANE will suffer such losses in the future.

**WHEREFORE**, Mr. CRANE respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON,

117

CHIEF BOYD, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT VI

### Individual State Law Claim of Mr. CRANE for Intentional
### Infliction of Emotional Distress

588.    This is an action, under the common law of the State of Florida, for intentional infliction of emotion distress. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

589.    Plaintiff, MR. CRANE, realleges paragraphs 1 through 127 and 550 through 553, as if fully set forth herein.

590.    The conduct of DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, in stopping, searching, seizing, and/or arresting Mr. CRANE was intentional, negligent, or reckless and was committed within the course and scope of their employment with MGPD.

591.    The conduct was outrageous — going beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

592.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
www.reyeslegal.com

593.     The conduct caused, and continues to cause, severe emotional distress.   Mr. CRANE is afraid to walk around his own neighborhood, afraid to go to work, and afraid to enjoy his life as a CITY resident.

**WHEREFORE**, Mr. CRANE respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CHIEF BOYD, DUNASKE, TRIMINO, HARRIS, and UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## <u>COUNT VII</u>

### **Individual State Law Claim of Mr. CRANE for Malicious Prosecution**

594.     This is an action, under the common law of the State of Florida, for malicious prosecution. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

595.     Plaintiff, Mr. CRANE, realleges paragraphs 1 through 127 and 550 through 553, as if fully set forth herein.

596.     Mr. CRANE was arrested a total of one time in 2012. In the instant case, an original judicial proceeding against Mr. CRANE was commenced.

597.     DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, were all the legal cause of the original proceedings against Mr. CRANE.

598.     The termination of the original proceedings against Mr. CRANE constituted a bona fide termination of that proceeding in favor of Mr. CRANE. Specifically, the State

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

Attorney's Office took "no action" or dismissed the case against Mr. CRANE finding the arrests were made without probable cause.

599.    DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, operated with malice in arresting Mr. CRANE without probable cause. DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS knew they lacked probable cause or arguable probable cause to arrest Mr. CRANE but, notwithstanding this knowledge, proceeded to nevertheless arrest him.

600.    Mr. CRANE suffered, and continues to suffer damages, as a result of the original proceedings. Mr. CRANE was incarcerated following his arraignment to await trial.

**WHEREFORE**, Mr. CRANE respectfully requests compensatory damages and punitive damages against the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CHIEF BOYD, DUNASKE, HARRIS, TRIMINO, and UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## SPECIFIC ALLEGATIONS AS TO YVENSONNE MONTALE

601.    Mr. MONTALE is an eighteen year old black male who has been a resident of the CITY for two years.

602.    Mr. MONTALE was unlawfully stopped-and-frisked, searched, seized, without reasonable suspicion within the CITY and by MGPD officers.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

603.    On August 13, 2012, Mr. MONTALE was riding his bicycle to the QUICKSTOP where he was stopped without reasonable suspicion and subsequently searched without probable cause.

604.    The following named Defendants, all of whom were acting under color of authority, were involved in the August 23, 2012, search, and seizure, either directly or through tacit approval: the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, GREGORY, and UNIDENTIFIED JOHN DOE OFFICERS.

605.    The acts and omissions of the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, GREGORY, and UNIDENTIFIED JOHN DOE OFFICERS, constitute a continuing violation of Mr. MONTALE's constitutional rights.

## COUNT I

**Individual Claim of Mr. MONTALE, Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

606.    Plaintiff, MR. MONTALE, realleges paragraphs 1 through 127 and 601 through 605, as if fully set forth herein.

607.    The conduct of Defendants, GREGORY and UNIDENTIFIED JOHN DOE OFFICERS, in stopping-and-frisking, searching, seizing, and/or arresting Mr. MONTALE on August 13, 2012, was performed under color of law and without reasonable articulable suspicion and/or arguable probable cause. Moreover, the stop-and-frisks, search, seizure, and/or arrest were performed on the basis of race and/or national origin.

121

608.    A reasonable officer would not have believed there was reasonable suspicion to stop-and-frisk and/or probable cause to search Mr. MONTALE in light of clearly established law and the information possessed by Defendant officers at the time of the incidents.

609.    As a direct and proximate result of such acts, Defendants, GREGORY and UNIDENTIFIED JOHN DOE OFFICERS, deprived Mr. MONTALE of his Fourth Amendment rights in violation of 42 U.S.C. § 1983.

610.    As a direct and proximate result of the referenced constitutional abuses, Mr. MONTALE has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

611.    The acts of Defendants, GREGORY and UNIDENTIFIED JOHN DOE OFFICERS, were intentional, deliberate, wanton, malicious, reckless, grossly negligent, and oppressive, thus entitling Mr. MONTALE to an award of punitive damages.

612.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline GREGORY and/or UNIDENTIFIED JOHN DOES.

613.    Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to a reasonable allowance for attorney fees as part of Plaintiff's costs.

**WHEREFORE**, Mr. MONTALE requests judgment against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, GREGORY, and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages,

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT II

### Individual Claim of Mr. MONTALE, Pursuant to 42 U.S.C § 1983, for Violation of the Equal Protection Clause of the Fourteenth Amendment

614.    Plaintiff realleges paragraphs 1 through 127 and 601 through 605, as if fully set forth herein.

615.    GREGORY and UNIDENTIFIED JOHN DOE OFFICERS have implemented and enforced a policy, practice and/or custom of stopping-and-frisking, searching, seizing, and/or arresting Mr. MONTALE without reasonable articulable suspicion and/or arguable probable cause and, instead, based solely on his race and/or national origin.

616.    There is direct, circumstantial, and/or statistical evidence that Mr. MONTALE was, and continues to be, a target of racial profiling by GREGORY and UNIDENTIFIED JOHN DOE OFFICERS in this action.

617.    As a result of MGPD's policy, practice, and/or custom (specifically, the Racial Targeting Policy) of stopping-and-frisking, searching, seizing, and arresting Mr. MONTALE without reasonable articulable suspicion and/or probable cause GREGORY and UNIDENTIFIED JOHN DOE OFFICERS intentionally discriminated against a member of a protected class.

618.    As a direct and proximate result of such acts, GREGORY and UNIDENTIFIED JOHN DOE OFFICERS deprived Mr. MONTALE of his constitutionally protected rights under the Fourteenth Amendment.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

619.    As a direct and proximate result of the referenced constitutional abuses, Mr. MONTALE has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

620.    The acts of GREGORY and UNIDENTIFIED JOHN DOE OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. MONTALE to an award of punitive damages.

621.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline GREGORY and UNIDENTIFIED JOHN DOE OFFICERS

**WHEREFORE**, Mr. MONTALE requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, GREGORY and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT III

### Individual State Law Claim of Mr. MONTALE for Civil Battery

622.    This is a cause of action, under the common law of the State of Florida, for civil battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

623.    Plaintiff, Mr. MONTALE, realleges paragraphs 1 through 127 and 601 through 605, as if fully set forth herein.

124

624.     The conduct of GREGORY and UNIDENTIFIED JOHN DOE OFFICERS in illegally searching and arresting Mr. MONTALE was intentional, malicious, wanton and willful, and intended to cause a harmful or offensive contact with the person of Mr. MONTALE.

625.     The conduct of GREGORY and UNIDENTIFIED JOHN DOE OFFICERS was committed within the course and scope of their employment with MGPD.

626.     Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD, are responsible for the battery committed by GREGORY and UNIDENTIFIED JOHN DOE OFFICERS upon the person of Mr. MONTALE, in that the civil battery was intentional and was committed within the course and scope of GREGORY and UNIDENTIFIED JOHN DOE OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

627.     As a direct and proximate result of the battery alleged above, Mr. MONTALE suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. MONTALE will suffer such losses in the future.

**WHEREFORE**, Mr. MONTALE respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, GREGORY, and UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

125

## COUNT IV

### Individual State Law Claim of Mr. MONTALE for False Arrest

628.    This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

629.    Plaintiff, Mr. MONTALE, realleges paragraphs 1 through 127 and 601 through 605, as if fully set forth herein.

630.    The conduct of GREGORY and UNIDENTIFIED JOHN DOE OFFICERS was intentional, willful, wanton, and malicious, and/or negligent, and was committed within the course and scope of their employment with MGPD.

631.    Mr. MONTALE was unlawfully detained and deprived of his liberty against his will when GREGORY and UNIDENTIFIED JOHN DOE OFFICERS arrested him without legal authority.

632.    The conduct of GREGORY and UNIDENTIFIED JOHN DOE OFFICERS constituted false arrest of Mr. MONTALE, as the arrest was made without probable cause or even arguable probable cause. The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD are responsible for the false arrest of Mr. MONTALE in that the false arrest was intentional, willful, wanton, and malicious, and/or negligent, and was committed within the course and scope of GREGORY and UNIDENTIFIED JOHN DOE OFFICERS employment with MGPD, such that the doctrine of respondeat superior applies to this action.

126

633.     As a direct and proximate result of the false arrest alleged above, Mr. MONTALE suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. MONTALE will suffer such losses in the future.

**WHEREFORE**, Mr. MONTALE respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, GREGORY and UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## <u>COUNT V</u>

### Individual State Law Claim of Mr. MONTALE for Intentional Infliction of Emotional Distress

634.     This is an action, under the common law of the State of Florida, for intentional infliction of emotion distress. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

635.     Plaintiff, Mr. MONTALE, realleges paragraphs 1 through 127 and 601 through 605, as if fully set forth herein.

636.     The conduct of GREGORY and UNIDENTIFIED JOHN DOE OFFICERS in stopping, searching, seizing, and/or arresting Mr. MONTALE was intentional, negligent, or reckless and was committed within the course and scope of their employment with MGPD.

637.     The conduct was outrageous — going beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

127

638.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline GREGORY and/or UNIDENTIFIED JOHN DOES.

639.    The conduct caused, and continues to cause, severe emotional distress. Mr. MONTALE is afraid to walk around his own neighborhood, afraid to go to work, and afraid to enjoy his life as a CITY resident.

**WHEREFORE**, Mr. MONTALE respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, GREGORY and UNIDENTIFIED JOHN DOE OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## SPECIFIC ALLEGATIONS AS TO OMAR DEAN

640.    Mr. DEAN is 39 year old black male who resided in the CITY for over 10 years of his life.

641.    On July 13, 2012, Mr. DEAN was unlawfully stopped-and-frisked, searched, seized, without reasonable suspicion within the CITY by MGPD Officer MALONE.

642.    Mr. DEAN was walking in front of the QUICKSTOP with a plastic bag of Red Bull cans. Without reasonable suspicion or warning, MALONE approached Mr. DEAN and performed a complete search of his person and possessions.

128

643. During the unlawful search, MALONE confiscated the bag containing Red Bull cans, threw the contents on the pavement, and then proceeded to hand out Mr. DEAN's property to pedestrians.

644. The following named Defendants, all of whom were acting under color of authority, were involved in the July 13, 2012, stop-and-frisk, search, and seizure, either directly or through tacit approval: the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DEPUTY CHIEF MILLER, MAJOR CHAPMAN, MALONE, and UNIDENTIFIED JOHN DOE OFFICERS.

645. The acts and omissions of the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DEPUTY CHIEF MILLER, MAJOR CHAPMAN, MALONE, AND UNIDENTIFIED JOHN DOE OFFICERS, constitute a continuing violation of Mr. DEAN's constitutional rights.

## COUNT I

**Individual Claim of Mr. DEAN, Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

646. Plaintiff, Mr. DEAN, realleges paragraphs 1 through 127 and 640 through 645, as if fully set forth herein.

647. The conduct of Defendant, MALONE, in stopping-and-frisking, searching, seizing, Mr. DEAN on July 13, 2012, was performed under color of law and without reasonable articulable suspicion. Moreover, the stop-and-frisk, search, and/or seizure was performed on the basis of race and/or national origin.

129

648.    A reasonable officer would not have believed there was reasonable suspicion to stop-and-frisk or seize and search Mr. DEAN in light of clearly established law and the information possessed by MALONE, at the time of the incidents.

649.    As a direct and proximate result of such acts, Defendant, MALONE deprived Mr. DEAN of his Fourth Amendment rights in violation of 42 U.S.C. § 1983.

650.    As a direct and proximate result of the referenced constitutional abuses, Mr. DEAN has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

651.    The acts of Defendant, MALONE, were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. DEAN to an award of punitive damages.

652.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DEPUTY CHIEF MILLER, MAJOR CHAPMAN, MALONE, AND UNIDENTIFIED JOHN DOE OFFICERS, either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline MALONE.

653.    Pursuant to 42 U.S.C. § 1988, Plaintiff, Mr. DEAN is entitled to a reasonable allowance for attorney fees as part of Plaintiff's costs.

**WHEREFORE**, Mr. DEAN requests judgment against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, DEPUTY CHIEF MILLER, MAJOR CHAPMAN, MALONE, AND UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 • **ph** 954.369.1993 • **f** 888.315.6291
**www.reyeslegal.com**

## COUNT II

**Individual Claim of Mr. DEAN, Pursuant to 42 U.S.C § 1983, for Violation of the Equal Protection Clause of the Fourteenth Amendment**

654.    Plaintiff, Mr. DEAN, realleges paragraphs 1 through 127 and 640 through 645, as if fully set forth herein.

655.    MAJOR CHAPMAN, MALONE, AND UNIDENTIFIED JOHN DOE OFFICERS have implemented and enforced a policy, practice and/or custom of stopping-and-frisking, searching, seizing, and/or arresting Mr. DEAN without reasonable articulable suspicion and/or arguable probable cause and, instead, based solely on his race and/or national origin.

656.    There is direct, circumstantial, and/or statistical evidence that Mr. DEAN was, and continues to be, a target of racial profiling by MAJOR CHAPMAN, MALONE, AND UNIDENTIFIED JOHN DOE OFFICERS in this action.

657.    As a result of MGPD's policy, practice, and/or custom (specifically, the Racial Targeting Policy) of stopping-and-frisking, searching, seizing, and arresting Mr. DEAN without reasonable articulable suspicion and/or probable cause MAJOR CHAPMAN, MALONE, and UNIDENTIFIED JOHN DOE OFFICERS intentionally discriminated against a member of a protected class.

658.    As a direct and proximate result of such acts, MAJOR CHAPMAN, MALONE, and UNIDENTIFIED JOHN DOE OFFICERS deprived Mr. DEAN of his constitutionally protected rights under the Fourteenth Amendment.

131

659.     As a direct and proximate result of the referenced constitutional abuses, Mr. DEAN has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

660.     The acts of MAJOR CHAPMAN, MALONE, and UNIDENTIFIED JOHN DOE OFFICERS were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. DEAN to an award of punitive damages.

661.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged, and/or failed to supervise and discipline MAJOR CHAPMAN, MALONE, and UNIDENTIFIED JOHN DOE OFFICERS.

**WHEREFORE**, Mr. DEAN requests judgment against Defendants, CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, MAJOR CHAPMAN, MALONE, and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## <u>COUNT III</u>

### Individual State Law Claim of Mr. DEAN for Civil Theft

662.     Plaintiff, Mr. DEAN, realleges paragraphs 1 through 127 and 640 through 645, as if fully set forth herein.

663.     On July 13, 2012, Defendant, MALONE, knowingly, wantonly, improperly and illicitly took red bull energy drinks belonging to MR. DEAN with the intent to permanently deprive MR. DEAN of his right to said property.

132

664.    At the time, Defendant, MALONE, who was acting under color of authority was engaging in a pattern of illegal acts, which included, but was not limited to: false arrest, false imprisonment, and unlawful search and seizure against and to the detriment of MR. DEAN.

**WHEREFORE** Mr. DEAN requests judgment against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, CHAPMAN, MALONE, and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages as provided by Florida Statute § 772.11, punitive damages as deemed appropriate, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT IV

### Individual State Law Claim of Mr. DEAN for Civil Battery

665.    This is a cause of action, under the common law of the State of Florida, for civil battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

666.    Plaintiff, Mr. DEAN, realleges paragraphs 1 through 127 and 640 through 645, as if fully set forth herein.

667.    The conduct of MALONE in illegally searching and seizing Mr. DEAN was intentional, malicious, wanton and willful, and/or negligent, and intended to cause a harmful or offensive contact with the person of Mr. DEAN.

668.    The conduct of MALONE was committed within the course and scope of his employment with MGPD.

669.    Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the battery committed by

133

MALONE upon the person of Mr. DEAN, in that the civil battery was intentional, was committed within the course and scope of MALONE'S employment with MGPD, such that the doctrine of respondeat superior applies to this action.

670.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline MALONE.

671.     As a direct and proximate result of the battery alleged above, Mr. DEAN suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. DEAN will suffer such losses in the future.

**WHEREFORE**, Mr. DEAN requests judgment against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, MALONE, and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

## COUNT V

### Individual State Law Claim of Mr. DEAN for Intentional Infliction of Emotional Distress

672.     This is an action, under the common law of the State of Florida, for intentional infliction of emotion distress. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

134

673.     Plaintiff, Mr. DEAN, realleges paragraphs 1 through 127 and 640 through 645, as if fully set forth herein.

674.     The conduct of MALONE in stopping, searching, and seizing, Mr. DEAN was intentional, negligent, or reckless and was committed within the course and scope of his employment with MGPD.

675.     The conduct was outrageous — going beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

676.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline MALONE and UNIDENTIFIED JOHN DOE OFFICERS.

677.     The conduct caused, and continues to cause, severe emotional distress. Mr. DEAN is afraid to walk around his own neighborhood, afraid to go to work, and afraid to enjoy his life as a former CITY resident.

**WHEREFORE**, Mr. DEAN respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, MALONE, and UNIDENTIFIED JOHN DOE OFFICERS, for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

135

## SPECIFIC ALLEGATIONS AS TO ALI AMIN SALEH

678.    Mr. SALEH has been the owner of the QUICKSTOP located in the CITY since 1999.

679.    Over the course of approximately five years, spanning from 2008 to 2013, Mr. SALEH's QUICKSTOP was unlawfully searched without reasonable suspicion or arguable probable cause, numerous times by MGPD officers.

680.    In addition, MGPD officers have engaged in a policy, practice and/or custom of stopping-and-frisking, searching, seizing, and arresting patrons of his QUICKSTOP while they are on the premises for loitering or trespassing. Mr. SALEH has repeatedly informed MGPD officers that QUICKSTOP patrons are on the premise with his full permission and authority — information which MGPD officers routinely disregard.

681.    The actions taken by MGPD officers are interfering with Mr. SALEH's relationship with his customers, and have severely curtailed sales at the QUICKSTOP.

682.    Mr. SALEH has filed several complaints with MGPD regarding the conduct of its officers; however, no action has been taken to rectify the issue.

683.    The following named Defendants, all of whom were acting under color of authority, were involved in at least one of the above-referenced unconstitutional and illegal conduct: ADAMS, BAMFORD, BARMORE, BARNEY, BERNARD, BROWN, BURGESS, CARPENTER, CASTELLI, CLIFTON, DAMIANI, DUNASKE, EHRLICH, ENGERS, EUBANKS, GLEASON, GREGOIRE, GREGORY, HARRIS, HEDRICK, HOHENDORF, HOPSON, HORN, HUNHOLZ, IRIZARRY, JACKSON, JACOBS, JESSUP, JONES-GRAY,

136

JUDON, KIDDER, KOLACKOVSKY, LUCIUS, MALONE, MARTINEZ, MCNEIL, MOORE, MORTON, NARGISO, NORRIS, PALMER, PAYOUTE, PERDOMO, PEREZ, PILONE, PINKNEY, ROBINSON, ROMAGUERA, ROSADO, E., ROSADO, J., ROVINELLI, RUIZ, SAINT-LOUIS, SANCHEZ, SANTIAGO, SCHAEFER, SEARY, SEDA, SHUMAN, SIMMONS, STARK, TAMAYO, UCANAN, C. VELEZ, V. VELEZ, WAGENMANN, WAGNER, WAGONER, WHITE, WILLIAMS, WILLIAMS, R. and UNIDENTIFIED JOHN DOE OFFICERS. For purposes of consistency and clarity, the above-referenced officers will be collectively referred to as the "SALEH OFFICERS."

684.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD, either encouraged, authorized, tacitly approved or were deliberate indifferent to the unconstitutional misconduct engaged in by the SALEH OFFICERS.

## COUNT I

**Individual Claim of Mr. SALEH, Pursuant to 42 U.S.C § 1983, for Violation of the Fourth Amendment Right against Unreasonable Searches and Seizures**

685.    Plaintiff, Mr. SALEH, realleges paragraphs 1 through 127 and 678 through 684, as if fully set forth herein.

686.    The conduct of the SALEH OFFICERS in searching the QUICKSTOP owned by Mr. SALEH, or his patrons walking in and out of the QUICKSTOP was performed under color of law and without reasonable articulable suspicion and/or arguable probable cause.

137

687.    A reasonable officer would not have believed there was reasonable suspicion or probable cause to search the QUICKSTOP in light of clearly established law and information possessed by the SALEH OFFICERS at the time of the searches.

688.    As a direct and proximate result of such acts, the SALEH OFFICERS deprived Mr. SALEH of his Fourth Amendment rights in violation of 42 U.S.C. § 1983.

689.    As a direct and proximate result of referenced constitutional abuses, Mr. SALEH has suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

690.    The acts of Defendants, the SALEH OFFICERS, were intentional, deliberate, wanton, malicious, reckless, and oppressive, thus entitling Mr. SALEH to an award of punitive damages.

691.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD either directly or tacitly approved of, sanctioned, encouraged and/or failed to supervise and discipline the SALEH OFFICERS.

692.    Pursuant to 42 U.S.C. § 1988, Plaintiff, Mr. SALEH is entitled to a reasonable allowance for attorney fees as part of Plaintiff's costs

**WHEREFORE**, Mr. SALEH requests judgment against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD and the SALEH OFFICERS for compensatory damages, punitive damages, reasonable attorney fees, costs, and such other relief as this Court deems just and proper.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

## COUNT II

### Individual State Law Claim of Mr. SALEH for Tortious Interference with a Business Relationship

693.     This is an action, under the common law of the State of Florida, for tortious interference with a business relationship. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

694.     Plaintiff, Mr. SALEH, realleges paragraphs 1 through 127 and 678 through 684, as if fully set forth herein.

695.     The conduct of the SALEH OFFICERS, in stopping, searching, seizing, and/or arresting actual patrons of the QUICKSTOP, without reasonable articulable suspicion and/or probable cause, both inside store and in its parking lot, was intentional and unjustified and was committed within the course and scope of their employment with MGPD.

696.     As a direct and proximate result of the tortious interference with a business relationship detailed above, Mr. SALEH has suffered financial harm to the profitability of his business. These injuries and losses are permanent and continuing, and Mr. SALEH will suffer such losses in the future.

697.     The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW and CHIEF BOYD, are responsible for the tortious interference with a business relationship committed by the SALEH OFFICERS upon the business of Mr. SALEH, in that the interference was intentional and was committed within the course and scope of the SALEH OFFICERS' employment with MGPD, such that the doctrine of respondeat superior applies to this action.

Reyes Law Group, P.A., 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ ph 954.369.1993 ▪ f 888.315.6291
www.reyeslegal.com

**WHEREFORE**, Mr. SALEH respectfully requests compensatory damages and punitive damages against Defendants, the CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, CHIEF BOYD, and the SALEH OFFICERS, together with prejudgment interest on all economic losses, costs of this action and a trial by jury on all issues triable as a matter of right.

## MUNICIPAL LIABILITY CLAIM AS TO ALL PLAINTIFFS
## COUNT I

**Claim of all Named Plaintiffs, Pursuant to 42 U.S.C. § 1983, against the City of Miami Gardens for Violations of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment**

698.    Plaintiffs reallege Paragraphs 1 through 697 as if fully set forth herein.

699.    The CITY, MAYOR GILBERT, FORMER MAYOR GIBSON, CITY MANAGER CREW, and CHIEF BOYD have implemented and are continuing to enforce, encourage, and sanction a policy, practice, and/or custom of unconstitutional stop-and-frisks, searches, seizures, and arrests of CITY residents, including Plaintiffs, by MGPD officers — all of which are done without the reasonable articulable suspicion and/or probable cause required under the Fourth Amendment.

700.    In addition, this pattern and practice of unconstitutional stop-and-frisks, searches, seizures, and arrests by MGPD officers utilizes race and/or national origin, not reasonable suspicion or probable cause, as the determinative factors in conducting a stop-and-frisk, search, seizure, and/or arrest in violation of the Fourth Amendment and Equal Protection Clause of the Fourteenth Amendment. The victims of such racial and/or national origin profiling are principally black males.

140

701.    The policies, fully described in the General Allegations of this Complaint, *supra* ¶¶ 107— 127, include the Quotas Policy, Zero Tolerance Zone Policy, and the Racial Targeting Policy all of which are ether unconstitutional on their face or are enforced in such a way which violates the constitutional rights of CITY residents, including named Plaintiffs.

702.    The Quotas Policy and Racial Targeting Policy are not written or formally adopted policies but are so pervasive and longstanding that they have become the force of law, or at a minimum, the moving force behind the deprivation of the Plaintiffs' constitutional rights.

703.    The Zero Tolerance Zone Policy was jointly enacted by the CITY and MGPD. As previously stated, although the policy is not unconstitutional on its face, MGPD officers are abusing the policy and using it as a vehicle to illegally stop, search, and arrest CITY residents without reasonable suspicion and/or probable cause.

704.    MGPD's policy, practice, and/or custom of stopping-and-frisking, searching, seizing, and arresting the Plaintiffs without reasonable articulable suspicion and/or probable cause, intentionally discriminated against a member of a protected class.

705.    As a consequence, the constitutional abuses thrust upon the Plaintiffs were, and are, directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged, and sanctioned by the CITY and its final policymakers in: (a) failing to properly screen, train, and supervise MGPD officers; (b) inadequately monitoring MGPD officers during and after stop-and-frisks, searches, seizures, and arrests; (c) failing to sufficiently discipline MGPD officers who engaged in constitutional abuses, and (d) encouraging, sanctioning, and failing to rectify MGPD's unconstitutional practices.

**Reyes Law Group, P.A.**, 2924 Davie Road, Suite 102, Davie, FL 33314-1602 ▪ **ph** 954.369.1993 ▪ **f** 888.315.6291
**www.reyeslegal.com**

706.     These informal policies were enacted and sanctioned by CHIEF BOYD, a final policymaker for law enforcement purposes. The failure of supervising officer's to identify and address these abuses as such, rather than signing their approval to them, has compounded the abuses.

707.     Moreover, the CITY has been on notice — through communications from concerned officers — of MGPD officers' unlawful practices but has failed to train, supervise, discipline, and/or adequately screen the violating officers.

708.     This failure to train, supervise, discipline, and/or adequately correct the violating officers has amounted to a deliberate indifference that has allowed continued, unabated conduct and improper decisions to be made by these officers in violation of the Plaintiffs Fourteenth Amendment rights.

709.     As a direct and proximate result of the referenced policies, practices, and/or customs, all Plaintiffs, and further, countless CITY residents, have suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

**WHEREFORE**, Plaintiffs request judgment against Defendant, the CITY, and requests that the Court finds and awards as follows:

1) That the Miami Gardens policy, practice, and/or custom of stopping-and-frisking, searching, seizing, and/or arresting, performed under color of law and without reasonable articulable suspicion and/or arguable probable cause, is unconstitutional in that it violates the Fourth and Fourteenth Amendments to the United States Constitution, Title VI, and the Constitution and laws of the State of Florida;

142

2) That the Miami Gardens policy, practice, and/or custom was implemented, enforced, encouraged, and sanctioned by the CITY and its final policymakers in:

   a. failing to properly screen, train, and supervise MGPD officers;

   b. inadequately monitoring MGPD officers during and after stop-and-frisks, searches, seizures, and arrests;

   c. failing to sufficiently discipline MGPD officers who engaged in constitutional abuses, and

   d. encouraging, sanctioning, and failing to rectify MGPD's unconstitutional practices.

3) That injunctive relief be issued enjoining the MGPD from continuing its policy, practice, and/or custom of stopping-and-frisking, searching, seizing, and/or arresting, without reasonable articulable suspicion and/or arguable probable cause, and in particular serving to:

   a. Further enjoin the MGPD from continuing the use of quotas for arrests (quotas policy);

   b. Further enjoining the MGPD from continuing the use of a zero tolerance policy to conduct unconstitutional stops and frisks, searches, seizures, and arrests; and

   c. Further enjoining the MGPD from continuing the use of the Racial Targeting Policy to use racial and/or national origin profiling to make unconstitutional stops and frisks, searches, seizures, and arrests.

4) That the CITY, Mayor, City Manager, and Police shall institute and implement improved policies and programs with respect to training, discipline and promotion designed to

143

eliminate the MGPD's policy, practice, and/or custom of unconstitutional stops-and-frisks, searches, seizures, and/or arrests.

5) Award Plaintiffs compensatory damages in amounts that are fair, just and reasonable to be determined at trial;

6) Award Plaintiffs punitive damages in an amount designed to punish and deter the reprehensible conduct of the CITY, to be determined at trial.

7) Award all Plaintiffs attorneys' fees and costs of suit pursuant to 42 U.S.C. sec.1920 and 1988; and

8) Award and such other relief as this Court deems just, proper, and equitable, including further injunctive and declaratory relief as may be required in the interests of justice.

Dated:  November 26, 2013.

                              Respectfully Submitted

                              **REYES LAW GROUP, P.A.**
                              Attorneys for Plaintiffs
                              2924 Davie Road, Suite 102
                              Davie, Florida 33314-1602
                              O: 954-369-1993
                              Fax: 888-315-6291
                              Primary:    Eservice@reyeslegal.com
                              Secondary:  Carlos@ReyesLegal.com
                                          Stephan@ReyesLegal.com

                              __/s/_Carlos J. Reyes_____
                              **CARLOS J. REYES, ESQ**.
                              FL Bar No. 755079

                              __/s/_Stephan Lopez_____
                              **STEPHAN LOPEZ, ESQ.**
                              FL Bar No. 76959